[No. 10,536.—Department One.]

## PEOPLE *v.* M. QUVISE.

INFORMATION—MISJOINDER—CRIMINAL LAW.—Where the information charges two separate offenses, a demurrer on that ground should be sustained.

APPEAL from a judgment of conviction, in the Superior Court of the County of Stanislaus.

The information charges the defendant in one count with the larceny of a horse, saddle, and bridle, the property of J. Luke, and then proceeds as follows:

And the said District Attorney, by way of setting forth the same offense in a different form, says, that at the said County and State, on the said 24th day of November, 1879, said M. Quvise did procure of the said J. Luke the loan of said horse, saddle, and bridle for a specified purpose, to wit, for the purpose of riding the said horse, saddle, and bridle from the resi-

dence of the said J. Luke, in said county, to Hill's Ferry, in the same county, and return; and having procured the loan of said horse, saddle, and bridle for said purpose, and having in said manner become the bailee of said horse, saddle, and bridle, the said M. Quvise did, at the said county of Stanislaus, State of California, on or about the 26th day of November, 1879, feloni-ously and fraudulently convert the same to his own use, contrary, etc.

*Johnson & Hays*, for Appellant.

*The Attorney-General*, for Respondent.

The COURT:

Two separate and distinct offenses were charged in the information. The demurrer on that ground should have been allowed.

Judgment reversed, and cause remanded, with direction to the Court below to sustain the demurrer.