(No. 19609.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DONALD SHROYER, Plaintiff in Error.

*Opinion filed October 19, 1929.*

SHELBY E. HOOD, and FRANK M. RYAN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM D. KNIGHT, State's Attorney, GEORGE P. O'BRIEN, and A. B. LOUISON, for the People.

Mr. JUSTICE DIETZ delivered the opinion of the court:

On February 5, 1929, the plaintiff in error was convicted in the circuit court of Winnebago county for burglary committed on January 17, 1928, and sentenced to the penitentiary. He had been previously tried upon another charge of burglary committed February 3, 1928, and was acquitted on the grounds of insanity. The verdict on that trial was returned June 5, 1928, and found "that at the time of the commission of said acts he was an insane person and that he has not permanently recovered from such insanity." Judgment was entered on the verdict and he was sentenced to the Elgin State Hospital, from which he was discharged about five weeks later. On the trial of this case the principal evidence offered on behalf of the prosecution was the testimony of three witnesses to an alleged confession of the plaintiff in error made in their presence on February 4, 1928. The offer of this testimony was objected to on the ground that the alleged confession was made at a time when he was adjudicated to have been insane, as shown by the record of the former trial. The objection was overruled and the testimony admitted. It was also contended that he was insane on January 17, 1928, when the burglary in this case was committed, and to sustain such contention there was offered in evidence as a part of his defense the record of the former adjudication of insanity made at the previous trial. An objection to this offer was sustained and the evidence was excluded. The case is brought here by writ of error.

It is first contended that it was error to admit the alleged confession for the reason that it was made at a time when the plaintiff in error had been adjudicated to have been insane. The verdict and sentence on the previous trial amount to an adjudication that he was insane at the time the confession was made. A confession, to be admissible, must be voluntary. A voluntary confession necessarily in-

volves a waiver of the constitutional right against self-incrimination. A waiver is an intentional relinquishment of a known right. (*Star Brewery Co.* v. *Primas,* 163 Ill. 652; *Keller* v. *Robinson & Co.* 153 id. 458; *Perin* v. *Parker,* 126 id. 201.) An insane person can commit no rational, voluntary act. He can do nothing intentionally. Neither can he know of his constitutional right. His confession is therefore a nullity. In *People* v. *Wreden,* 56 Cal. 396, it is said: "It is quite obvious that the utterances of an insane man ought not to be treated as evidence against himself." Likewise, in *State* v. *Campbell,* 301 Mo. 618, it was held that a "confession of an insane person is no confession at all." The testimony as to the alleged confession was improperly admitted. Inasmuch as this constitutes the principal evidence against the plaintiff in error, its admission was prejudicial error.

It is next urged that it was error for the court to exclude the record of the former adjudication offered by the plaintiff in error as proof of his insanity at the time the burglary here charged was committed. This record was not a finding of the existence of insanity prior to the commission of the burglary charged at the previous trial. It therefore was not competent evidence of the adjudication of insanity at the time of the commission of the burglary in this case. There is a legal presumption of sanity, and proof of insanity at one time carries no presumption that it existed prior thereto. (*People* v. *Gavrilovich,* 265 Ill. 11; *People* v. *Bechtel,* 297 id. 312.) The record was therefore properly excluded for the purpose offered.

For the error committed in admitting the testimony of the alleged confession the judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*