(No. 40770.—

The People of the State of Illinois, Appellee, *vs.* Floyd Ray Kessler, Appellant.

*Opinion filed January 29, 1969.*

R. K. Rainey, of Princeton, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and C. HOWARD WAMPLER, State's Attorney, of Princeton, for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The defendant, Floyd Ray Kessler, filed an amended post-conviction petition in the circuit court of Bureau County, seeking relief from judgments finding him guilty under two indictments for armed robbery and sentencing him to imprisonment under each indictment for a term of not less than 10 years nor more than life. The sentences were to run concurrently. At the post-conviction hearing the defendant claimed that he had been deprived of his liberty without due process of law in that he was induced to change his pleas of not guilty to pleas of guilty by an unfulfilled promise of the prosecutor to recommend a sentence of "10 to 12 years, not more than 15" years. The prosecutor denied that he had made such a promise. The trial court made no finding of whether the prosecutor had promised to recommend a sentence, but it entered judgments vacating the previous judgments and resentenced the defendant to concurrent terms of 10 years to 20 years.

In *McKeag* v. *People,* 7 Ill.2d 586, we held if a prosecutor promises to recommend a certain sentence in exchange for a plea of guilty and defendant thereafter pleads guilty but the prosecutor fails to recommend the agreed sentence and defendant receives a longer sentence than that agreed upon, the judgment of conviction will be set aside and defendant will be granted a new trial, even though the recommendation, if made, would not have been binding on the sentencing court. On the other hand, we have held that a mere offer to recommend a reduced sentence does not constitute duress which would justify setting aside a conviction entered on a plea of guilty. *People* v. *Bowman,* 40 Ill.2d 116.

Defendant argues that because the judge who heard the post-conviction testimony reduced the sentence, he believed

there had been an unfulfilled promise to recommend the lighter sentence. If the judge had resentenced defendant to what defendant claimed had been promised, there might be more merit to this argument. From the record before us, however, it is impossible to determine whether the judge believed there had been an unfulfilled promise to recommend a reduced sentence or whether he merely felt the original sentence was excessive. If it were the former, he should have vacated the judgment and granted a new trial (*McKeag* v. *People,* 7 Ill.2d 586) ; if it were the latter, he should have denied the petition because there was nothing in the record to justify reducing the sentence.

The judgments of the circuit court of Bureau County are hereby reversed and this cause is remanded with instructions to determine whether there was an unfulfilled promise, and for entry of a judgment not inconsistent with the views expressed in this opinion.

*Reversed and remanded, with directions.*