(No. 41665.—■■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ORVILLE LeRoY MASTERSON, Appellant.

*Opinion filed June 29, 1970.*

WOLSLEGEL & ARMSTRONG, of Ottawa, (CRAIG M. ARMSTRONG, of counsel,) appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT E. RICHARDSON, State's Attorney, of Ottawa, (FRED G. LEACH, Assistant Attorney General, and THOMAS R. FLOOD, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In April of 1963, a jury in the circuit court of La Salle

County found the defendant, Orville LeRoy Masterson, guilty of attempted murder, assault, aggravated kidnapping, rape, and aggravated assault. He was sentenced to concurrent terms of imprisonment for not less than 40 nor more than 60 years, and the judgments were affirmed by the Appellate Court, Third District. (79 Ill. App. 2d 117.) His post-conviction petition was dismissed on motion of the State without an evidentiary hearing, and he has appealed.

In this court the defendant relies upon the following allegations contained in his post-conviction petition: that he was forcibly returned from Kentucky to Illinois without extradition proceedings; that he was represented by incompetent appointed counsel at his trial; that he had requested but had been denied the representation of counsel at a preliminary hearing; and that he had been denied a speedy public trial.

In our opinion none of these allegations indicates a violation of the defendant's constitutional rights. The claim that he was improperly returned from Kentucky to Illinois does not raise a constitutional issue. (*Frisbie* v. *Collins* (1952), 342 U.S. 519, 522, 96 L. Ed. 541, 72 S. Ct. 509.) The attorney who was appointed to represent the defendant at his trial, and also to represent him upon his appeal to the appellate court, was appointed by the trial court at the specific request of the defendant. We have considered the respects in which the defendant claims that the representation afforded him was incompetent, and we find that they are without merit. Unlike *Arsenault* v. *Massachusetts* (1968), 393 U.S. 5, 21 L. Ed. 2d 5, 89 S. Ct. 35, in which a plea of guilty entered by the defendant upon his preliminary hearing was used to impeach him at his trial, nothing that transpired at this defendant's preliminary hearing appears to have been used against him upon his trial. His case, therefore, is governed by *People* v. *Bonner,* 37 Ill.2d 553, *cert.* denied 392 U.S. 910. The defendant's claim that he was denied his right to a speedy trial is predicated upon the

fact that he was not brought to trial until 128 days after he was first brought within the jurisdiction of the State of Illinois, and is insufficient to raise a constitutional issue. *People* v. *Hartman,* 408 Ill. 133.

The judgment of the circuit court of La Salle County is affirmed.

*Judgment affirmed.*