(No. 42469.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES MITCHELL, Appellant.

*Opinion filed September 22, 1970.*

STEVEN HELFER, of Rochelle, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and JOHN B. ROE, State's Attorney, of Oregon, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The defendant, James Mitchell, has appealed from the order of the circuit court of Ogle County denying his post-conviction petition in which he sought to have his previous plea of guilty to forgery withdrawn so that he might stand trial on the indictment. At his post-conviction hearing he claimed, among other things, that he was deprived of his liberty without due process of law in that he was induced to change his plea of not guilty to guilty by an unfulfilled promise of the prosecutor to recommend probation; that instead he received a sentence of not less than three nor more than seven years in the penitentiary.

The State admits that it promised to recommend probation, but contends that defendant's constitutional rights were not violated because defendant admitted knowing that such a recommendation would not be binding on the court and because in the time between the change of plea and sentencing a new State's Attorney had taken office and he had no knowledge of the agreement to make such a recommendation. Apparently, defendant had been released from custody pending an investigation and report of the probation officer and then did not appear for sentencing until several months later.

The identical question involved here has been before this court on a number of occasions. In *McKeag* v. *People,* 7 Ill.2d 586, we held that where a plea of guilty was induced by representations that a recommendation as to sentence would be made and these representations were not carried out defendant is entitled to a new trial, and it is of no consequence that a recommendation, if made, would not have been binding on the court imposing sentence, for defendant might well have thought the court imposing sentence would have given some consideration to the recommendation. In *People* v. *Washington,* 38 Ill.2d 446, we stated that a prosecutor's unfulfilled promise of a reduced sentence, or a misrepresentation by the trial judge as to sentence to be imposed, invalidates a guilty plea, and a

conviction based upon such a plea is open to collateral attack. In *People* v. *Sigafus,* 39 Ill.2d 68, where the question was whether defendant was entitled to an evidentiary hearing we held that he was, and if the allegation of an unfulfilled bargain between defense counsel and the prosecutor as to sentence was true, he was entitled to have his plea of guilty vacated. Likewise, in *People* v. *Kessler,* 41 Ill.2d 501, · we specifically recognized that an unfulfilled promise to recommend a certain sentence requires a new trial.

The only distinguishing feature in the facts presently before us is that the State's Attorney who made the promise was no longer in office at the time defendant was sentenced and the new State's Attorney had no knowledge of the promise. We find that this fact has no bearing on the question, as it is the unfulfilled promise inducing the plea that deprives it of the character of a voluntary act, thereby rendering it void, and not the knowledge or lack of knowledge of the State's Attorney who happened to be present at the sentencing.

In view of the above we find it unnecessary to consider the other allegations raised by petitioner. The judgment of the circuit court of Ogle County is reversed and the cause remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*