THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LESTER GILBERT, Defendant-Appellant.

(No. 11261; ▮▮▮▮▮▮▮▮

Fourth District—December 17, 1970.

John C. Bergstrom, of Urbana, for appellants.

Lawrence E. Johnson, State's Attorney, of Urbana, for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The defendant pleaded guilty to the crime of forgery and was sentenced from one to fourteen years in the penitentiary. He now appeals charging that his plea of guilty should have been vacated or a hearing should have been held because of an unfulfilled expectation on his part of a lesser sentence or in the alternative that we ought to reduce his sentence. These contentions are without merit.

The defendant pleaded guilty after a full explanation of his rights and after being advised by the court that the forgery conviction carried a sentence of one to fourteen years. After acceptance of the plea, the State dismissed two counts of the indictment. Defense counsel then stated that

the defendant intended to waive a hearing in aggravation and mitigation, that the State's Attorney would make a recommendation to the court in which he believed the defense would concur and they would like a delay of one week during which the defendant might sign his own bail and be released. The State's Attorney then objected for the reason that, while Mr. Gilbert had always appeared, with the possible sentence of one to fourteen years awaiting him on the following week "it is also possible that he would run". The State's Attorney asked the court to tell the defendant of the consequences of his failure to show up the following week. Before doing so, he was interrogated with reference to aggravation and mitigation and likewise probation and waived both. Bond of $2,000.00 remained in full force and effect and defendant was released. The court stated: "You will show up here, won't you?" The defendant: "Yes, sir". The court: "You understand if you don't you will be in double trouble because that is another offense all by itself?" The defendant: "Yes, sir". He failed to appear. Bond was forfeited and a bench warrant was issued and he was then brought before the court for sentencing. His counsel attended with him. At this time, it appeared from the record that the defendant had a previous record with the Youth Commission, was in Vandalia for four months for criminal trespass to a motor vehicle and had failed to appear on bond. The court inquired as to why he had not appeared and defaulted on his bond. Defendant stated: "The amount of time they offered me, it just struck me I was gonna have them come and get me, that's all * * * I didn't appreciate that much time". The court then stated: "You know you were supposed to be back on October 10". The defendant replied: "Yes, sir". The Court: "You were not sick?" Defendant: "No, sir". The court: "You could have been here?" Defendant: "That's right". The court: "Is there anything you want to say to the court before a sentence is imposed?" Defendant: "No, sir".

The court asked of the State's Attorney whether he had told the defendant or his counsel what his recommendation would be. The State's Attorney stated that at the time of the plea he was prepared to recommend a one to ten year sentence, but that since that time the defendant had failed to appear, was alleged to have participated in the theft of an automobile presumably to make an escape, and that he had been apprehended about ten days after he had failed to appear and after a warrant had been issued. The State's Attorney also stated to the court that he now felt that this man should spend two or three years in the penitentiary rather than just a year and that a longer parole might be beneficial.

The defendant's counsel in open court stated that there were the facts,

that the defendant knew before coming to court that the State's Attorney's recommendation would be a one to fourteen year sentence and that in defense counsel's opinion this was a fair and appropriate sentence. The court again inquired if there was anything that the defendant wanted to say before sentencing him and he said, "No, sir". In the meantime, also the defendant had pleaded guilty to two charges of deceptive practice. Sentence was then imposed.

Upon being advised that he had the right to appeal without charge and to the appointment of counsel if he was indigent, he indicated his desire to appeal and requested specifically the appointment of the public defender who represented him in the trial court. When offered a different counsel, he said, "No, sir, I would rather keep Mr. Bergstrom". In this state of the record, it is difficult to see upon what basis there is any justification for suggesting that the ends of justice were not served. Neither the defendant nor his counsel were surprised by the sentence as was the case in *People v. Riebe*, 40 Ill.2d 565, 241 N.E.2d 313, or in *People v. Washington*, 38 Ill.2d 446, 232 N.E.2d 738, nor is it similar to *People v. Walston*, 38 Ill.2d 39, 230 N.E.2d 233, where tendered testimony of the attorney as to the negotiated plea was refused by the trial court, nor by *People v. Kessler*, 41 Ill.2d 501, 244 N.E.2d 142, where it was necessary to remand for testimony to determine whether or not there was an unfulfilled promise. We fail to see in this record where at any time there was a failure to advise the defendant of any of his rights or where he should have had any reasonable expectation of a lighter sentence. He knew before sentence was pronounced that the State's recommendation would be one to fourteen years. He nevertheless waived probation, waived a hearing in aggravation and mitigation, and waived the opportunity to speak to in his own behalf. The State's Attorney, the trial court and defendant's own counsel deemed the sentence proper. The suggestion that this is a suitable case for a reduction of sentence by this court fails to point out wherein the suitability lies and none of any persuasive nature occurs to us. Accordingly, the judgment is affirmed.

Judgment affirmed.

TRAPP and CRAVEN, JJ., concur.