THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MERLE RIGGS, Defendant-Appellant.

(No. 70-154;

Fifth District—February 25, 1972.

Paul Bradley, of Defender Project, of Mt. Vernon, (Robert E. Farrell, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Appellant, a 19 year old youth, entered a plea of guilty on a charge of burglary and applied for probation on July 28, 1970. The court determined that the State's Attorney's office had advised that if defendant entered a guilty plea, they would recommend probation and at the time of entering of the plea did so recommend. The appellant stated that he had changed his plea from not guilty partly due to the State's Attorney's recommendation for probation.

The court reserved sentence pending an investigatory report by the probation office and a hearing was held on September 2, 1970. In substance the evidence presented at that hearing consisted of a report submitted by the probation office, a letter from the Archway House, a private drug rehabilitation center, and the testimony of the appellant, two of his co-residents at Archway House and of his mother, father and sister. The probation officer's report stated, *inter alia*, that appellant was carrying a weapon, which he did not attempt to use, on the night of the burglary and that there were needle marks in appellant's arm which resulted from the use of narcotics, that appellant had been placed on probation on one earlier occasion in Madison County, following a conviction for a misdemeanor; that appellant was presently voluntarily enrolled in a drug rehabilitation program at the Archway House in St. Louis. The report also recited certain facts based upon hearsay which were objected to by the appellant and stricken by the trial judge. The probation office, apparently based on the facts so excluded and the fact that appellant had been using drugs since he was thirteen years old, recommended that he was not a fit subject for probation.

The letter from Archway House described the purposes and goals of the program as the rehabilitation of the drug user through group therapy, re-establishment of self-confidence ultimately leading to a mature and realistic approach to life and an eventual return to society as a productive unit. The oral testimony of all the witnesses was substantially to the effect that, before his enrollment at Archway, appellant was irresponsible, self-conscious and maladjusted, but that since his enrollment he had made remarkable progress; that he had withdrawn from the use of drugs entirely; that he was beginning to open up to people; that he had an opportunity to go on a lecture tour on behalf of the United States Air Force in order to discuss the problem of drug abuse. In sum, appellant, despite his earlier problems, was well on the road to rehabilitation. The court at that time expressed doubts as to whether appellant was a fit subject for probation but reserved judgment for an additional thirty days in order to see whether the job with the Air Force would materialize or not.

On October 1, 1970, appellant offered a letter into evidence to the effect that the lecture tour would start in October, 1970. The State's Attorney then made a statement to the court pointing out that appellant was armed and under the influence of drugs at the time of the robbery and that he had already been on probation once. The attorney for the defendant did not argue that the State's Attorney had agreed to recommend probation. The same judge who had received the plea then entered an order denying probation, and sentenced defendant to a minimum of three years and a maximum of five years in the penitentiary.

Appellant argues along two related lines. First, the State violated its promise to recommend probation by opposing the granting of probation at the probation hearing. And, second, the court erred in denying probation. By way of relief, appellant requests that the Court, in the alternative, either reverse the conviction or reverse the order denying probation.

■ ■ As authority for his first contention appellant cites *People v. Mitchell* (1970), 46 Ill.2d 133, 262 N.E.2d 915. That was a proceeding for post-conviction relief in which the Supreme Court reaffirmed its position that a guilty plea induced by an unfulfilled promise by the prosecutor to recommend probation violates due process of law and invalidates the conviction. In that case, the State's Attorney who made the promise was no longer in office at the time the defendant was sentenced so the new State's Attorney had no knowledge of the agreement. The case at bar falls within the rationale of that case. Admittedly the assistant State's Attorney did recommend probation at the plea hearing, but that was 60 days before the sentencing hearing. At the sentencing hearing the State's Attorney's remarks were not only not in favor of probation, but can only be construed as being opposed to it. See *People v. White*, 116 Ill.App.2d 180, 253 N.E.2d 654.

■■ In light of the fact that probation should have been granted in this case and in light of the appellant's request for relief in the alternative, we will not reverse the conviction, but direct that defendant be admitted to probation without further incarceration. All of the evidence to be considered here suggests that appellant was, at the time of sentencing, well on his way to the best and most lasting kind of rehabilitation, voluntary self-rehabilitation. He was only a few weeks away from a rewarding job—rewarding to both the community and himself. Appellant had no prior felony convictions and seemed well on the way to bringing his drug problems under control. The burglary was never accomplished, nor was there any indication that appellant had any intention of using the weapon. Appellant may be much more valuable to society as a graduate of Archway than as a graduate of an Illinois penal institution. Much of our language in *People v. McClendon* (1971),

130 Ill.App.2d 852, 265 N.E.2d 207 is here applicable, and we particularly call attention to our statement that:

"Probation is more than a merciful act by the court where there are mitigating circumstances; it is also an affirmative correctional tool used because it offers the most future protection to the public." 265 N.E.2d 208.

We therefore affirm the conviction, reverse the order denying probation and remand with directions.

Conviction affirmed; order denying probation reversed and remanded.

MORAN, P. J., and CREBS, J., concur.