THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY C. CASKEY, Defendant-Appellant.

(No. 71-322;

Fifth District—March 24, 1972.

Paul Bradley, of Defender Project, of Mt. Vernon, (Robert E. Farrell, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant, Jerry C. Caskey, entered a plea of guilty to a charge of burglary and was sentenced to the penitentiary for a term of not less than five nor more than 15 years. He thereafter filed a post conviction petition which was dismissed on motion of the State's Attorney. His only contention on appeal is that the court erred in dismissing defendant's post conviction petition without an evidentiary hearing.

Prior to receiving defendant's guilty plea, the court conducted an inquiry into the circumstances surrounding defendant's desire to so plead.

During this inquiry the State's Attorney stated that he had conferred with defense counsel concerning the case at which time he indicated that he would make a recommendation to the court in regard to the punishment to be imposed. We have reviewed the entire record and find that despite this promise no recommendation was ever made.

It is well established in this State that a plea of guilty induced by unfulfilled promises loses its voluntary nature and shall be considered void. (*People v. Washington*, 38 Ill.2d 446; *People v. Spicer*, 47 Ill.2d 114.) Defendant's verified post conviction petition, therefore, states an issue which remains unrefuted by the record which issue can only be resolved by an evidentiary hearing.

We, therefore, reverse the decision of the trial court dismissing defendant's petition and remand the cause to the Circuit Court of St. Clair County for the purpose of conducting an evidentiary hearing to determine the validity of defendant's plea.

Reversed and remanded.

CREBS and JONES, JJ., concur.