THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL SHIELDS, Defendant-Appellant.

(No. 73-137;

Fifth District—April 5, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Michael Q. Jones, Senior Law Student, of counsel), for appellant.

Robert H. Rice, State's Attorney, of Belleville (John M. Goodwin, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order of the circuit court of St. Clair County in which defendant pleaded guilty to the offense of burglary and was sentenced to serve a minimum of 2 years and a maximum of 6 years in the penitentiary.

Defendant contends that the age disparity between males and females

for purposes of determining status as juveniles violates his constitutional right to equal protection of the law. Next, defendant contends that the State failed to fulfill its promise to stand mute on defendant's application for probation. And finally, defendant contends that the sentence imposed was excessive.

At the time of the alleged offense the defendant was a 17-year-old male. The then existing Juvenile Court Act provided that, with certain exceptions, no boy under 17 years of age or girl under 18 years of age could be prosecuted under the criminal laws of this state. (Ill. Rev. Stat., ch. 37, sec. 702—7.) The defendant contends that, because the statute provided 17-year-old girls with a procedural protection not given to 17-year-old boys, he was denied equal protection of the law. The defendant further alleges that the above provision is in violation of section 18, article I of the 1970 Illinois Constitution which became effective on July 1, 1971, and which provides that equal protection of the laws shall not be denied or abridged on account of sex.

■■ This issue has previously been answered by the Illinois Supreme Court in *People v. McCalvin,* 55 Ill.2d 161, 302 N.E.2d 342. That case differs from the instant case only in that the prosecution in *McCalvin* was completed before the effective date of the Illinois Constitution. That Court held equal protection was not violated by the aforementioned provision of the Juvenile Court Act, and adhered to its holding in *People v. Pardo,* 47 Ill.2d 420, 265 N.E.2d 656. For additional discussion of this issue, see *People v. Jackson,* —— Ill.App.3d ——, —— N.E.2d ——; *People v. Schanuel,* —— Ill.App.3d ——, —— N.E.2d ——; and *People v. Douglas,* —— Ill.App.3d ——, —— N.E.2d ——, which were filed by this court on January 23, 1974.

We now turn to the contention of defendant that the State failed to fulfill its promise to stand mute on defendant's application for probation when it cross-examined defendant's three witnesses at the pre-sentence hearing.

As authority for this contention, defendant cites *People v. Riggs* (1972), 4 Ill.App.3d 48, 280 N.E.2d 242. In that case, the State's Attorney, in accordance with a representation made to defendant who pleaded guilty, recommended probation at time of entry of plea but opposed probation at the time of sentencing. This court held that, due to circumstances therein present, probation should have been granted.

A review of cases which have held that a plea of guilty induced by unfulfilled promises loses its voluntary nature and is void reveals that such unfulfilled promises were affirmative in nature. (*People v. Pier,* 51 Ill.2d 96, 281 N.E.2d 289; *People v. Spicer,* 47 Ill.2d 114, 264 N.E.2d 181; *People v. Mitchell,* 46 Ill.2d 133, 262 N.E.2d 915; *People v. Washington,*

38 Ill.2d 446, 232 N.E.2d 738; *People v. Story*, 15 Ill.App.3d 94, 303 N.E. 2d 504; *People v. Caskey*, 4 Ill.App.3d 920, 282 N.E.2d 250; and *People v. Riggs*, 4 Ill.App.3d 48, 280 N.E.2d 242.) All of the aforementioned cases dealt with situations where the State's Attorney either promised to recommend probation or promised a reduced sentence.

■■ In the instant case, the promise by the State was merely to "make no recommendation as to probation one way or the other." Defendant made an application for probation and the court referred the matter to the probation officer for a probation and presentencing report. At the probation hearing defendant called a probation officer who testified that he, defendant, had previously completed a probationary period for another offense and, commenting on his future, stated that he felt there was a necessity for defendant to get back to school to avoid some problems in getting back to society. The witness was neither asked for nor gave a recommendation for or against probation. The cross-examination was within the scope of the direct and appears to be a fair attempt to explore the situation for the benefit of the court. The defendant testified on his own behalf as to his scholastic record, employment record and successful completion of a period of probation while a juvenile. The cross-examination of him included inquiry as to the circumstances which occasioned defendant's absence from school on the day of the offense to which he had pled guilty. Appellant argues that this cross-examination insinuated that defendant was not a suitable subject for probation. We consider it proper under the circumstances, as an attempt to present information which the court should properly consider in determining whether probation should be granted. We do not consider that the State's promise to stand mute was violated.

In the hearing the prosecutor made no recommendation, proferred no witnesses in aggravation and presented no extrinsic evidence whatsoever. The only action by the State's Attorney was cross-examination of defendant's witnesses, none of which appears particularly vigorous or goes into areas not covered by direct examination. Once the defendant chose to proffer witnesses to support his probation petition and in mitigation, the State was at liberty to cross-examine such witnesses notwithstanding its agreement to "make no recommendation as to probation one way or the other." An agreement to abstain from all cross-examination will not be inferred from a promise to "make no recommendation as to probation one way or the other."

Defendant finally contends that the sentence imposed was excessive. The record discloses that defendant was 17 years old at the time of the offense, became 18 while awaiting final disposition of his case, and is now 19, had one prior offense as a juvenile for which he had been placed

on probation (and had successfully completed it), had been enrolled in high school until his expulsion for absenteeism due to incarceration for the present offense, and had been periodically employed while attending school. Although the probation officer did not recommend probation he did indicate that the continuance of defendant's education would be in his, defendant's, best interest. On oral argument, the State conceded that this appeared to be a minimum-sentence case.

■■ We consider that this may be an ideal case for application of the Unified Code of Corrections provisions embraced in article 7 of the Code to enable defendant to complete his education and seek employment with the hope of rehabilitation. For consideration of the applicability of that article we remand this cause for such determination in the trial court, with directions that if periodic imprisonment is not ordered that the sentence be modified to a minimum of 1 year and a maximum of 3 years and a corrected *mittimus* issued.

Affirmed and remanded with directions.

G. MORAN, P. J., and CREBS, J., concur.