JAMES MICHAEL BROOKS

*v.*

HONORABLE STEVEN NARICK, *Judge, et al.*

(No. 13893)

Decided April 4, 1978.

*Hague, Rudolph, Hague & Lantz, Eugene T. Hague, Sr. and George E. Lantz* for relator.

*Chauncey H. Browning*, Attorney General, *Richard E. Hardison*, Deputy Attorney General, for respondents.

HARSHBARGER, JUSTICE:

James Michael Brooks was indicted in Marshall County for delivery of marijuana. On the scheduled trial date

a plea bargain was made whereby he agreed to (1) plead guilty, (2) go to Huttonsville Correctional Center for a sixty day evaluation and diagnostic study, (3) begin his confinement on July 12, 1976, and (4) pay court costs of $656.90.

The state agreed to drop all other charges pending against him in Marshall County and in the prosecuting attorney's words, "... subject to the report from Huttonsville, in the event that, that report is favorable, the State will be inclined and would recommend probation. *In the event the report is unfavorable, then the State will recommend that the Court take whatever action, whether it be sentence or any further action by way of a fine that the Court feels appropriate at the time....*" (Our emphasis.)

Brooks then pled guilty, was sent to Huttonsville, and on September 17, 1976, returned to court for sentencing. Both court and prosecutor considered the Huttonsville report to be neither favorable nor unfavorable. His counsel's motion for probation was denied when an assistant prosecuting attorney affirmatively *opposed* it.

Brooks then moved to withdraw his guilty plea because the government had breached its part of the agreement, which motion was granted. Then seven new indictments arising out of charges pending at the time the plea bargain was made were returned against him. He moved the court to enforce specific performance of the plea bargain and to dismiss the seven new indictments. The court overruled both motions, denied defendant's motion to reconsider, and defendant petitions for prohibition.

The issue is, can Brooks get specific performance of the agreement?

An elementary principle of our criminal law is that when an agreement between a prosecuting attorney and a defendant has been entered into and approved by the court, the agreement should ordinarily be upheld if the accused has fulfilled his part of the agreement. *State v.*

*Ward*, 112 W. Va. 552, 165 S.E 803 (1932). "The courts treat such promises as pledges of the public faith. *Commonwealth v. St. John*, 173 Mass. 569." 112 W. Va. at 554, 165 S.E. at 805. See also, *United States v. Carter*, 454 F.2d 426 *cert. denied* 417 U. S. 933 (1972); and *U. S. v. Paiva*, 294 F.Supp. 742 (D.D.C. 1969).

All state and federal decisions we have examined, have held that where a defendant pleads guilty as part of a plea bargain, and the prosecution breaches the agreement, defendant should be allowed to withdraw his plea. See, e.g., *Dugan v. U. S.*, 521 F.2d 231 (5th Cir. 1975), *White v. Gaffney*, 435 F.2d 1241 (10th Cir. 1971); *People v. Bannan*, 364 Mich. 471, 110 N.W.2d 673 (1961); *Crossin v. State*, 262 So.2d 250 (Fla. App. 1972); *People v. Caskey*, 4 Ill. App. 3d 920, 282 N.E.2d 250 (1972); *State ex rel. Clancey v. Coiner*, 154 W. Va. 857, 179 S.E.2d 726 (1971). We have been cited to no cases *contra.*, nor have we found any.

In *Santobello v. New York*, 404 U. S. 257 (1971), defendant pled not guilty to two felonies, then pursuant to a plea agreement he pled guilty to a lesser included offense on condition that the prosecutor would make no recommendation about his sentence. A new prosecutor appeared at sentencing and recommended the maximum sentence. The United States Supreme Court found that the government had breached its agreement and remanded the case to New York courts for appropriate remedy, be it specific performance of the agreement, or the opportunity for petitioner to withdraw his guilty plea and go to trial.

It is apparent from the *Santobello* decision that the defendant may be entitled to specific performance. In *Jordan v. Commonwealth*, 217 Va. 57, 225 S.E.2d 661 (1976), the Supreme Court of Virginia held that a defendant is entitled to specific performance where the prosecutor procured an indictment that violated a plea bargain performed by the defendant. The court said:

> In the case under review, we are powerless to
> restore the parties to the position they occupied

at the time of the preliminary hearing. Following the plea bargain, Jordan entered a plea of guilty to assault and battery. By so doing he admitted his presence at the scene of the burglary and robbery and admitted, although to a lesser degree, his involvement. This action very effectively frustrated any defense that he might have interposed to the warrant or any subsequent indictments for offenses embraced within the warrant. Further, the defendant accepted the judgment of the district court and served the term of imprisonment imposed upon him. He has fully performed his part of the agreement, and no order that we can enter will undo that performance, or restore to him the status he occupied on the day of his preliminary hearing.

225 S.E.2d at 664.

Similarly, in *Jones v. Commonwealth*, 217 Va. 248, 227 S. E. 2d 701 (1976), the court held that it was powerless to restore defendant to his position before the plea bargain was entered into and thus it decreed specific performance. In both of the cited cases, the court emphasized that the defendant could not be restored to his former position by withdrawal of the guilty plea.

Brooks also cannot be restored to his former position. He has paid court costs of $656.90, and while this sum of money could be restored to him by the state, the 60 days he spent at Huttonsville cannot.

We hold that withdrawal of his guilty plea was a coerced act caused by the state's breach of the plea bargain, and Brooks is entitled to reinstatement of the guilty plea and specific performance of the agreement. We agree with Justice Douglas' concurring opinion in *Santobello*:

In choosing a remedy, however, a court ought to accord a defendant's preference considerable, if not controlling, weight inasmuch as the fundamental rights flouted by a prosecutor's breach of a plea bargain are those of a defendant, not of the State.

404 U. S. at 267.

Thus, we remand the case to the lower court where relator will at his option, elect to have his plea reinstated with performance by the state of its agreement with him, or be tried on his not guilty plea. If he chooses to let the not guilty plea stand, he can be tried on all the original charges, including those the state was to dismiss under the agreement. See *Santobello*, footnote 2 at 263; *U. S. v. Wells*, 430 F.2d 225 (9th Cir. 1970); *U. S. ex rel. Williams v. McMann*, 436 F.2d 103 (2d Cir. 1970) *cert. denied*, 402 U.S. 914 (1970), *Kiefer v. State*, 295 So.2d 688 (1974); and *Miller v. State*, 272 Md. 249, 322 A.2d 527 (1974).

For the foregoing reasons the writ is granted as moulded.

*Writ moulded, and*
*granted as moulded.*

MILLER, JUSTICE, *dissenting:*

With all deference to the majority, I believe they have missed a critical point.

Taking the plea bargain as outlined by the majority, with the further uncontroverted fact that the report from Huttonsville was neither favorable nor unfavorable, and assuming the prosecutor overstepped the limits of the plea bargain agreement when he opposed probation for the defendant, there was still no error in the lower court. This is true because the court permitted the defendant to withdraw his guilty plea, thereby restoring him to his original position.[1]

All of the cases cited by the majority involve a situation where the guilty plea is entered pursuant to a plea

---

[1] There is no doubt from the record that the 60-day confinement at Huttonsville was for the purpose of an evaluation and undertaken with the consent of the defendant in the hope of a favorable report to obtain probation. The defendant also agreed to and presumably did pay the court costs of $656.90 at the time he entered his guilty plea on June 29, 1976, which was the day his trial commenced. Upon the withdrawal of his guilty plea, he would be entitled to be repaid this amount.

bargain agreement and the State failed to follow through on its obligation and the trial court refused to permit the withdrawal of the guilty plea. In those cases the appellate court intervened either to require performance of the bargain or to permit the defendant to withdraw his guilty plea.

Here, the trial court did everything required under the law. It could not require the State to specifically perform on the plea bargain agreement because the neutral evaluation report fell outside the ambit of the agreement. Consequently, the trial court followed the only available option, permitting the defendant to withdraw his guilty plea.

I am somewhat perplexed by the statement, "that the withdrawal of his guilty plea was a coerced act caused by the State's breach of the plea bargain and Brooks is entitled to reinstatement of the guilty plea ..." While I am aware of many cases which hold that a guilty plea can be coerced, I know of none that discuss the withdrawal of a guilty plea as an act of coercion. It is like saying that a not guilty plea can be coerced.

The record reflects that on September 17, 1976, after the evaluation report was received, the defendant was brought before the court for sentencing. At that time, the defendant's attorney acknowledged the report was neither favorable nor unfavorable. The prosecutor, on the theory that he was bound under the plea bargain agreement to recommend probation only if the report was favorable, opposed probation. The court indicated that without a favorable report, probation was out of the question, and it was at this point that the defendant's attorney requested that the guilty plea be withdrawn. The court then permitted the withdrawal of the guilty plea.

It seems to me that this cannot be characterized as coercion. I am persuaded that the essence of the plea bargain agreement was the promise by the State not to

charge the defendant with the seven other offenses. Probation was hoped for, for the record is clear that the judge, prior to accepting the plea, explained this was within his exclusive province.

The subject of plea bargaining has received increasing attention by the courts, particularly in the federal courts. In 8 *Moore's Federal Practice—Criminal Rules* § 11.05(4) (rev. ed. 1977), the following summary is made of common problems occurring in this area:

> "(1) Prosecutor promises to recommend leniency or a specific sentence. The court acts in accord with the prosecutor's recommendation. The fact that a plea is made pursuant to a promise of recommended leniency does not render it involuntary, unless the offer of leniency is preceded by threats of imposition of maximum punishment.

> "(2) Same as (1), but the court does not go along with the prosecutor's recommendation. The plea is not vulnerable to attack, unless defendant was deliberately misled into believing that the prosecutor's recommendation was binding on the court.

> "(3) Prosecutor promises to make a recommendation to the court as to sentence, but fails to do so. The plea should be set aside as involuntary because induced by trickery. Apart from the traditional ground of involuntariness, the plea should be vacated, or withdrawal permitted, in order to preserve the integrity of government and its officers.

> "(4) Prosecutor promises to make some concession other than a sentencing recommendation, such as dismissal of a related indictment, or dismissal of certain counts in the indictment to which the plea is made. Unlike sentence, these are not matters within the exclusive province of the court and the prosecutor will usually be able to obtain the court's consent to dismissal. The

only question, then, is whether the prosecutor keeps his promise. If he fails to do so, the same result as in (3) should follow.

"(5) Prosecutor expresses his opinion as to what sentence the court will impose if defendant pleads guilty. This opinion turns out to be wrong. A defendant has no recourse for a disappointed expectation of leniency; reliance on the mere opinion of the prosecutor is not reasonable, thus not actionable.

"(6) Plea induced by defense counsel's false or mistaken representations to defendant as to what, if anything, the prosecutor promised. Under these facts the plea should be vacated, regardless of the prosecutor's lack of complicity in the fraud or mistake."

Like any attempt to categorize an area of the law which contains numerous factual variations, however, set rules cannot be neatly drawn to cover all situations.

Here, a rather convincing argument can be made that the trial judge was not required to permit the withdrawal of the guilty plea. I do not believe the action of the prosecutor in opposing probation jeopardized the integrity of the guilty plea. Everyone concedes he had no duty to recommend probation, since the report was not favorable. Beyond this, it is obvious that the guilty plea was tendered more than two months in advance of the evaluation report. The report was to furnish some basis for a possible probation recommendation, but such recommendation was inchoate and could not have induced the guilty plea. At the time the guilty plea was entered, all the defendant had was a mere conditional expectancy that the prosecutor might recommend probation. It was conditional because the recommendation would not be made unless the report was favorable. Under these circumstances, I do not believe the defendant can successfully argue that his guilty plea was induced by the prosecutor's action on an inchoate probation recommendation.

Believing as I do that the trial court could have refused the withdrawal of the guilty plea and proceeded to sentence the defendant, its action in permitting the guilty plea to be withdrawn certainly does not constitute error. I would, therefore, refuse relief.