THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.*
THOMAS ROBINSON, Petitioner-Appellant.

First District (5th Division)   No. 77-1787

Opinion filed November 9, 1978.

Ralph Ruebner and Randy K. Johnson, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Michael E. Shabat, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Petitioner appeals from an order dismissing his petition brought pursuant to the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*) The issues presented in this appeal are (1) whether petitioner's plea of guilty was involuntarily made in violation of due process; and (2) whether Supreme Court Rule 402(d)(2) (Ill. Rev. Stat. 1977, ch. 110A, par. 402(d)(2)) required the trial judge to grant petitioner leave to withdraw his guilty plea.

It appears that petitioner was charged with attempt murder, attempt armed robbery, and two counts of aggravated battery. On May 19, 1975, he withdrew his original plea of not guilty and entered into plea negotiations with the State. In exchange for his guilty plea, the State agreed to recommend concurrent sentences of four to eight years for attempt murder and dual sentences of two to eight years for armed robbery and aggravated battery. Petitioner accordingly pleaded guilty, and the trial court after properly admonishing him determined that the plea was voluntarily entered, found a factual basis for the plea, and indicated its conditional concurrence in the plea agreement depending upon the results of the aggravation and mitigation hearing. The court also made the following statement to petitioner:

> "And, you understand on that if you don't come back on the 19th of June [sentencing date], I can sentence you in absentia, which means that when you are not here I can still sentence you, and on that basis, for four to any number of years, if you don't come back."

To this statement petitioner replied, "I'll be here."

When petitioner failed to appear for sentencing on June 19 his bond was revoked, a warrant was issued for his arrest, and the matter was

continued to June 29. On that date, he was again absent but the hearing in aggravation and mitigation was held, at which the prosecutor told the court:

> "[I]t's the State's recommendation at this time, your Honor, seeing that Thomas Robinson didn't see fit to come back to court, on the charge of attempt murder, that he be sentenced to a period of not less than six nor more than eighteen years in the Illinois State Penitentiary; as to the charge of attempt armed robbery, for a period of not less than six nor more than eighteen years in the Illinois State Penitentiary, and as to the count for aggravated battery, a period of not less than three nor more than ten years in the Illinois State Penitentiary."

The trial judge then considered petitioner's presentence report along with the public defender's argument in mitigation, and sentenced petitioner to concurrent terms in accordance with the State's recommendation. After being apprehended and imprisoned, petitioner brought this petition for post-conviction relief which was dismissed on motion of the State.

OPINION

■■ ■ Petitioner first contends that his guilty plea was rendered involuntary by the fact that the prosecutor asked for a heavier sentence than that which he agreed to recommend in the plea agreement. The law in this regard is well settled. A plea of guilty made in reliance upon an unfulfilled promise of the prosecutor is not voluntary and thus violates defendant's due process rights. (*Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495; *People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 289; *People v. Mitchell* (1970), 46 Ill. 2d 133, 262 N.E.2d 915; *People v. Washington* (1967), 38 Ill. 2d 446, 232 N.E.2d 738; *People v. Price* (1976), 36 Ill. App. 3d 566, 344 N.E.2d 559.) In the case at bar, it is obvious that the State breached the plea agreement. The State had agreed to recommend concurrent sentences totaling four to eight years; but, in fact, recommended terms resulting in six to 18 years imprisonment. Thus, it would appear that the agreement was violated and petitioner's plea was therefore rendered involuntary and in violation of due process.

The State argues, however, that the plea was voluntary because petitioner was aware that his failure to appear in court could result in a more severe sentence. It is asserted that the trial court's warning of possible sentence increases in the event of his absence became part of the plea agreement and, therefore, in the context of the entire agreement, that no promises were breached. We recognize that petitioner was made aware of the possible consequences of his absence from court. However, this arose from the trial court's admonition and not from the agreement between petitioner and the State. Case law indicates that the question of the voluntariness of a guilty plea centers solely around the agreement

between the State and defendant. For example, in *Santobello v. New York*, defendant pleaded guilty to a gambling offense and in exchange therefor the prosecutor agreed to make no recommendation as to sentencing. In court, however, a different prosecutor recommended the maximum one year sentence. When defense counsel objected, on the ground that this recommendation violated the plea agreement, the court stated the recommendations of prosecutors do not influence it and were irrelevant. The United States Supreme Court reversed, stating:

> "We need not reach the question whether the sentencing judge would or would not have been influenced had he known all the details of the negotiations for the plea. He stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts * * *." (404 U.S. 257, 262-63, 30 L. Ed. 2d 427, 433, 92 S. Ct. 495, 499.)

Thus, in *Santobello*, the trial court may well have sentenced defendant to the maximum one year term regardless of whether the State had made no recommendation, as agreed. Yet, even though the State's promise to recommend or not recommend a certain sentence may not have ultimately been considered by the trial court, the supreme court nonetheless attached constitutional significance to the agreement between the State and defendant.

In *People v. Mitchell*, the State breached its promise to recommend probation in exchange for a guilty plea. In a post-conviction petition, defendant alleged that the State's violation of the agreement rendered his plea involuntary and in violation of due process. The State argued that defendant could not have been induced to plead guilty by the State's promise to recommend probation, because he knew that such a recommendation would not be binding on the court. The trial court dismissed defendant's petition, but the Illinois Supreme Court reversed, stating:

> "[I]t is of no consequence that a recommendation, if made, would not have been binding on the court imposing sentence, for *defendant might well have thought the court imposing sentence would have given some consideration to the recommendation.*" (Emphasis added.) 46 Ill. 2d 133, 134, 262 N.E.2d 915, 916.

The above cases demonstrate that knowledge of a defendant that the court may not follow the prosecutor's recommendation does not render the plea agreement meaningless. Even if a defendant is aware that the court may be predisposed to entering a higher sentence, he may nonetheless feel that the prosecutor's agreed recommendation may have

some influence on the court. In the case at bar, petitioner could well have thought that the State's promised recommendation would be an influence if the court was to consider imposing greater sentences in his absence. In any event, it appears that the State breached a promise which we believe rendered petitioner's plea involuntary and violative of his due process rights.

We reject the State's argument that the holding in *People v. Weinstein* (1921), 298 Ill. 264, 131 N.E. 631, requires us to affirm. *Weinstein* is merely one in a long line of cases which hold that a defendant waives his constitutional right to be present if he is voluntarily absent from any stage of his trial. (See *People v. Steenbergen* (1964), 31 Ill. 2d 615, 203 N.E.2d 404, *cert. denied* (1965), 382 U.S. 853, 15 L. Ed. 2d 92, 86 S. Ct. 104; *People v. Redding* (1976), 43 Ill. App. 3d 1024, 357 N.E.2d 1227; *People v. Pace* (1975), 34 Ill. App. 3d 440, 339 N.E.2d 785; *People v. Stubbs* (1974), 25 Ill. App. 3d 181, 323 N.E.2d 26; *People v. Rife* (1974), 18 Ill. App. 3d 602, 310 N.E.2d 179; Ill. Rev. Stat. 1977, ch. 38, par. 115—4(h).) These cases do not hold that a defendant waives any other constitutional right by his voluntary absence. We do not feel that *Weinstein* or subsequent cases indicate that by his absence petitioner here waived his due process right to a voluntary guilty plea.

Petitioner's second contention is that he was entitled to withdraw his guilty plea pursuant to Supreme Court Rule 402(d)(2), which reads in relevant part:

> "If a tenative plea agreement has been reached by the parties which contemplates entry of a plea of guilty in the expectation that a specified sentence will be imposed * * *, the trial judge may permit, upon request of the parties, the disclosure to him of the tenative agreement * * *. The judge may then indicate to the parties whether he will concur in the proposed disposition; and if he has not yet received evidence in aggravation or mitigation, he may indicate that his concurrence is conditional on that evidence being consistent with the representations made to him. * * * If the defendant thereupon pleads guilty, but the trial judge later withdraws his concurrence or conditional concurrence, he shall so advise the parties and then call upon the defendant either to affirm or to withdraw his plea of guilty." (Ill. Rev. Stat. 1977, ch. 110A, par. 402(d)(2).)

Petitioner asserts that the court concurred in the plea agreement and that in its admonition concerning his presence in court on June 19, it was merely expressing a condition on its concurrence. He argues that the sentences to lengthier terms were in effect a withdrawal of that conditional concurrence which, under Rule 402(d)(2), required that he be given the opportunity to withdraw his guilty plea after he was eventually apprehended.

Initially, we note that petitioner is appealing from the dismissal of his post-conviction petition, and thus that we are limited to considering matters which are of a constitutional dimension. (Ill. Rev. Stat. 1977, ch. 38, par. 122—1; *People v. Vail* (1970), 46 Ill. 2d 589, 264 N.E.2d 201; *People v. Ashley* (1966), 34 Ill. 2d 402, 216 N.E.2d 126; *People v. Cox* (1957), 12 Ill. 2d 265, 146 N.E.2d 19.) A violation of a statute or rule of procedure which does not constitute a deprivation of constitutional rights may not be considered. (*People v. Masterson* (1970), 45 Ill. 2d 499, 259 N.E.2d 794, *cert. denied* (1971), 401 U.S. 915, 27 L. Ed. 2d 815, 91 S. Ct. 892; *People v. Hangsleben* (1969), 43 Ill. 2d 236, 252 N.E.2d 545, *cert. denied* (1970), 397 U.S. 1048, 25 L. Ed. 2d 661, 90 S. Ct. 1379; *People v. Orndoff* (1968), 39 Ill. 2d 96, 233 N.E.2d 378; *People v. Holvey* (1974), 17 Ill. App. 3d 809, 308 N.E.2d 622.) "[M]ere noncompliance with Supreme Court Rule 402 does not raise an issue of constitutional dimension but is relevant in a post-conviction proceeding only so far as the record does or does not demonstrate the defendant's plea was intelligently and voluntarily made." (*People v. Turner* (1975), 25 Ill. App. 3d 847, 852, 323 N.E.2d 371, 375.) Thus, unless it appears that the violation of Rule 402(d)(2) contributed in rendering petitioner's plea involuntary, we cannot grant relief under a post-conviction petition. Accordingly, we must consider whether the rule was violated and, if so, whether this violation rendered petitioner's plea involuntarily made.

■■ We agree with petitioner that a trial court's conditional concurrence is withdrawn when sentences are given greater than those agreed upon and that, under such circumstances, Rule 402(d)(2) requires that a defendant be given the opportunity to affirm or withdraw a plea of guilty. That rule appears to be clear and strict in its terms and lists no exceptions wherein a defendant may be refused this opportunity. We disagree. A waiver is the intentional relinquishment of a known right.

■■ The State, however, argues here that petitioner was aware that his failure to appear for sentencing on June 19 could result in the imposition of lengthier sentences and that "he knowingly and intelligently accepted this possibility * * *." In effect, it is urging that petitioner by his absence waived his right to withdraw his plea under the Rule. (*Johnson v. Zerbst* (1938), 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019; *People v. Shroyer* (1929), 336 Ill. 324, 326, 168 N.E. 336; *People v. Gooden* (1977), 56 Ill. App. 3d 408, 413, 371 N.E.2d 1089, 1093; *Perlman v. First National Bank* (1973), 15 Ill. App. 3d 784, 795, 305 N.E.2d 236, 245.) This intention to relinquish must be "proven by clear, precise and unequivocal evidence" (*People v. Gooden; Klim v. Johnson* (1958), 16 Ill. App. 2d 484, 493, 148 N.E.2d 828, 833), and the burden of proof is on the party claiming waiver (*People v. Gooden; Kane v. American National Bank & Trust Co.* (1974), 21 Ill. App. 3d 1046, 316 N.E.2d 177). In the case at bar, the State has

offered no proof that petitioner knew he had the right to withdraw his plea, and there is nothing else in the record to indicate otherwise. Thus, he could not have relinquished a "known right," and we therefore reject the State's argument that petitioner waived his right to withdraw his guilty plea under Rule 402(d)(2).

Moreover, we see no merit in the suggestion that it was unreasonable to construe the Rule in such manner that would require the court to continue the case until such time as petitioner chose to appear or is apprehended, so that a defendant by his wilful absence could bring the judicial process to a halt. We think the application of the Rule permits the court only the alternatives of imposing the sentences agreed upon or of continuing the matter until such time as a defendant is given the opportunity to affirm or withdraw his plea before the imposition of greater sentences.

■■ Having determined here that Rule 402(d)(2) was violated, we turn to the question of whether the violation contributed to making the plea involuntary. If petitioner had entered his guilty plea in reliance upon his right to change his plea should the court withdraw its conditional concurrence, we would consider his plea to be involuntary. However, he has not asserted and the record does not indicate that such was the case. In view thereof and because we have no reason to assume that petitioner was even aware of his right under the Rule to withdraw his guilty plea, we conclude that his plea was not rendered involuntary on the basis that the Rule was violated. A breach of Rule 402(d)(2), in itself, not being a matter of constitutional dimension (*People v. Turner*), may not be considered in a post-conviction proceeding (*People v. Masterson.*)

Accordingly, while the violation of Rule 402(d)(2) does not entitle petitioner to relief, we have found above that the State's breach of its promise to recommend certain agreed sentences rendered petitioner's plea involuntary and in violation of due process. We therefore reverse the order dismissing the post-conviction petition and remand this matter with directions to grant the relief requested in the amended petition; namely, to vacate the sentences given and either to impose the sentences agreed upon or proceed in accordance with the requirements of Rule 402(d)(2).

Reversed and remanded with directions.

LORENZ and WILSON, JJ., concur.