THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MELVIN WALKER, Defendant-Appellant.

First District (4th Division)   Nos. 1—91—2544, 1—91—3475 cons.

Opinion filed November 4, 1993.

Michael J. Pelletier and Todd Avery Shanker, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and Frank X. Vasquez, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Defendant Melvin Walker appeals an order denying his petition for a new sentencing hearing. He also appeals an order dismissing his *pro se* petition for post-conviction relief. We consolidated both appeals. The issue we address is whether the defendant's plea of guilty was involuntarily made in violation of due process. We reverse and remand.

Defendant was arrested and charged with two counts of manufacture and delivery of a controlled substance. On October 27, 1989, he withdrew his original plea of not guilty and entered into plea negotiations with the State. In exchange for his guilty plea, the State agreed to recommend a sentence of three years. The trial court admonished defendant that he was giving up his right to be tried by a jury by pleading guilty and stated it could sentence him from three to seven years' imprisonment. The court found a factual basis for the plea, determined it was voluntary, and then accepted the plea. The court set the sentencing hearing for November 8, 1989, to hear elements in aggravation and mitigation.

When defendant failed to appear on November 8 the matter was continued at least three times. On November 16, 1989, he was again absent, but the court held the hearing in aggravation and mitigation. At this hearing the prosecutor recommended a sentence of seven

years and the court sentenced defendant *in absentia* to seven years in the Illinois Department of Corrections.

After being apprehended and imprisoned, defendant filed a petition for a new sentencing hearing. The trial court denied the petition and defendant filed a timely appeal. Defendant also filed a *pro se* post-conviction petition alleging his guilty plea was rendered involuntary because the prosecutor asked for a longer sentence than that which he agreed to recommend according to the plea agreement. On August 27, 1991, Judge Grossi conducted a hearing on defendant's petition. The judge stated during the post-conviction hearing, "the record is clear that at the time of the sentencing that sentence was conditional upon the defendant's being in court to surrender for the 3 years. He failed to surrender. That was one of the bases of his plea of guilty." Judge Grossi then determined defendant's petition was frivolous and dismissed it.

■ Although the trial court was not bound by the plea agreement because the record shows the court did not concur in the agreement (*People v. Lambrechts* (1977), 69 Ill. 2d 544, 372 N.E.2d 641), we find the State was bound by its agreement with defendant, regardless of whether or not defendant appeared at the sentencing hearing. The Supreme Court in *Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495, attached constitutional significance to plea agreements between the State and a defendant. When a plea of guilty rests on a promise by a prosecutor, the prosecutor must fulfill the promise. A plea of guilty made in reliance on an unfulfilled promise is not voluntarily made by the defendant. (*People v. Williams* (1970), 47 Ill. 2d 1, 264 N.E.2d 697.) If the State fulfills a promise to recommend a certain sentence after a defendant pleads guilty, the plea is not rendered involuntary by the fact that the court imposes a more severe sentence. (*People v. Baldridge* (1960), 19 Ill. 2d 616, 169 N.E.2d 353.) However, if a defendant pleads guilty in reliance on a promise by the State to recommend to the court a lesser sentence than that imposed and the State does not fulfill its promise, then the plea is not voluntary and may be withdrawn even though the State's recommendation, had it been made, would not have been binding on the court. *People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 289.

The State argues that a "careful review of the record demonstrates that *the parties* agreed to a specific sentence contingent upon defendant's appearance in court." (Emphasis added.) The State makes this and similar allegations seven times throughout its brief. We have carefully reviewed the record and find no evidence that the State conditioned its agreement to recommend a three-year sentence only if defendant appeared at the sentencing hearing. If the State

intended to be bound by the agreement only if defendant appeared at the sentencing hearing, then the State should have made that condition part of the agreement and clearly communicated it to defendant.

■ In support of its allegation that the agreement was conditional, the State repeatedly cites to the prosecutor's statements in aggravation made to the trial court at the sentencing hearing on November 16, 1989. The State in its brief quotes the prosecutor's entire argument in aggravation and ends with the quotation, "I would recommend to your Honor at this time this defendant obviously has approached the recommended or agreed sentence." Here the citation ends. A careful review of the record demonstrates that the State selectively excluded from its citation to this court the prosecutor's final statement to the trial court: "We recommend this defendant be sentenced to the maximum seven years in the Illinois Department of Corrections." This statement is crucial to the resolution of this cause. We view the State's presentation in its brief as unprofessional. An advocate's duty is to present evidence and argument so the cause may be decided according to law, not to omit testimony and evidence which is damaging to its cause. An esteemed modern historian once said: "A biographer is a writer under oath." That is a wise remark, and as relevant to appellate advocates as to biographers.

Here the State clearly breached the plea agreement. The State concedes it agreed to recommend a sentence of three years in exchange for the defendant's guilty plea. The State violated its agreement to recommend a three-year sentence by recommending a seven-year sentence, and thus defendant's plea was rendered involuntary and in violation of due process. (See *People v. Robinson* (1978), 66 Ill. App. 3d 601, 384 N.E.2d 420 (plea of guilty made in reliance upon an unfulfilled promise of the State is not voluntary and violates a defendant's due process rights).) We therefore reverse the order dismissing the post-conviction petition and remand with directions to vacate the sentence and proceed in accordance with the requirements of Rule 402 (134 Ill. 2d R. 402).

Reversed and remanded.

JOHNSON and HOFFMAN, JJ., concur.