David W. OLNEY, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 24862.

United States Court of Appeals, Ninth Circuit.

Oct. 9, 1970.

Rehearing Denied Nov. 5, 1970.

David W. Olney, in pro. per.

Sidney I. Lezak, U. S. Atty., Charles H. Turner, Asst. U. S. Atty., D. Richard Hammersley, Special Asst. U. S. Atty., Portland, Or., for respondent-appellee.

Before HAMLEY and WRIGHT, Circuit Judges, and LINDBERG,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Petitioner-appellant Olney was convicted of nine counts under an indictment charging him with possession, etc., of heroin in violation of the Federal narcotics laws. 21 U.S.C. § 174, 26 U.S.C. §§ 4704(a), 4705(a). The conviction was affirmed on direct appeal to this court.[1]

This appeal arises out of his petition under 28 U.S.C. § 2255 for release from custody filed in the district court. The district court denied the petition without a hearing after considering the government's answer and appellant's response. We affirm.

Appellant raises numerous grounds in support of his petition. To the extent that they are cognizable under a § 2255 petition, we shall deal with each of them separately.

We dispose initially of two of appellant's claims which are most readily susceptible of summary disposition. *First,* appellant claims that telephone conversations between an informant and himself were monitored by the government and the contents thereof improperly admitted into evidence. *Second,* he claims that the statutory presumption found in 21 U.S.C. § 174 is violative of his rights under the Fifth Amendment.

As to the monitored telephone conversations, we note that this was the *precise* point raised and disposed of in appellant's direct appeal from his conviction.[2] Having raised this point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition under § 2255.[3]

His claim concerning the alleged unconstitutionality of 21 U.S.C. § 174 has been definitively foreclosed by the recent decision of Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), since the offense here involved heroin. Turner v. United States, supra, at 417, 90 S.Ct. 642.

Woven throughout appellant's many letters, memoranda, and briefs filed with this petition is the charge that he was ineffectively represented by counsel both before and during his trial. Principal among his contentions are that his counsel did not understand pretrial criminal discovery methods and did not in fact effectively prepare the case for trial. The district court in denying his petition specifically ruled that appellant was effectively represented by counsel throughout his trial and our view of the record confirms that finding. The trial judge said, "petitioner's counsel performed creditably," and we agree.

In addition, we think it is important to note that appellant was represented by different counsel following his conviction and during the course of his direct appeal. This court is aware of the frequency with which the question of adequacy of counsel is raised on direct appeal. The failure of appellant's new counsel on appeal to raise the point substantiates our conclusion that he was adequately represented prior to and during his trial.

Appellant makes two other contentions, first, that he was deprived of his right to a fair trial because he was not present during the hearing of a pretrial motion to suppress evidence, and second, that his constitutional right to a speedy trial was violated.

* Hon. William J. Lindberg, United States District Judge, Western District of Washington, sitting by designation.

1. Olney v. United States, 380 F.2d 28 (9th Cir. 1967).

2. *Id.*

3. Hammond v. United States, 408 F.2d 481, 483 (9th Cir. 1969).

■ As to his first claim, we do not feel that, under these circumstances his constitutional rights were affected. We do not necessarily agree with the government when it takes the position that there is no right whatever to be present at hearings on pre- and/or post-trial motions. It is quite clear that a pretrial motion to suppress evidence is a "critical stage of the prosecution" requiring the presence of counsel for the accused.[4]

The rationale of those decisions dealing with "critical stages of the prosecution" is that there are stages prior to trial wherein the rights of the accused are so significantly affected as to foreclose the possibility of any meaningful defense at trial.[5] We think that a motion to suppress evidence can well be such a stage of prosecution, particularly in narcotics cases, where the crucial issue may well be the admissibility of narcotics allegedly found in the possession of the defendant.

■ On this record, however, we need not decide to what extent, if at all, a defendant is entitled to be present at a pretrial hearing of this type. We have reviewed the record of the pretrial hearing and have concluded that appellant's rights were well protected by his counsel. We fail to see how his rights could have been better protected by his presence. As this court has stated in a similar context, "[t]he presence of a defendant must bear a reasonably substantial relationship to the opportunity to defend."[6] Thus, while we do not decide whether appellant had a constitutional right to be present, it is clear that his absence, if erroneous, was harmless beyond a reasonable doubt.[7]

■ As to appellant's right to a speedy trial, there is no showing that he was prejudiced as a result of dimming memory, inability to secure witnesses or evil purpose on the part of the prosecution.[8] Absent such a showing, we cannot conclude that the eight-month period[9] between the indictment and trial[10] in any way affected his constitutional right to a speedy trial.

We have considered appellant's other contentions and conclude that they fail to constitute proper subject matter for a petition under § 2255.

The district court properly denied the petition without a hearing.

Affirmed.

---

4. *See, e. g.*, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1966); Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

5. "The trial which might determine the accused's fate may well not be that in the courtroom but that at the pretrial confrontation * * *." United States v. Wade, 388 U.S. 218, 235, 87 S.Ct. 1926, 1937, 18 L.Ed.2d 1149 (1966).

6. Stein v. United States, 313 F.2d 518, 522 (9th Cir. 1962), cert. denied 373 U.S. 918, 83 S.Ct. 1307, 10 L.Ed.2d 417, rehearing denied 375 U.S. 872, 84 S.Ct. 32, 11 L.Ed.2d 102 (1963).

7. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

8. *See* Chisum v. United States, 421 F.2d 207 (9th Cir. 1970).

9. Olney was indicted in August, 1965, arrested in November, 1965, and his trial took place in April, 1966.

10. *See, e. g.*, United States v. Halley, 431 F.2d 1180 (9th Cir. 1970). (Nine months between indictment and trial.)