THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY STUBBS, Defendant-Appellant.

(No. 59924;

First District (5th Division)—December 13, 1974.

Paul Bradley, and Margaret Maxwell, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Alan L. Fulkerson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BARRETT delivered the opinion of the court:

Defendant was indicted for possession of a controlled substance in violation of section 402 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1402). Following a bench trial, defendant was found guilty and sentenced to a term of 3 to 9 years. It is from the judgment and sentence of the trial court that defendant appeals.

Two issues are raised on appeal: (1) whether the trial court violated defendant's constitutional right to be present at all stages of the proceedings against him by holding a hearing on defendant's motion to suppress evidence in defendant's absence, and (2) whether defendant was proved guilty beyond a reasonable doubt.

On December 15, 1971, a preliminary hearing in this matter was held before Hon. Arthur V. Zelezinski. Defendant was present but did not testify. The arresting officer, Thomas Small, testified to the following events. On November 24, 1971, Small was on routine patrol with his partner. At approximately 1 A.M., they answered a call concerning a man with a gun at 430 West 66th Street. The description was that of a black male in a three-quarter-length brown jacket and dark clothing. While proceeding to 430 West 66th Street, the officers observed defendant in the vicinity of 6400 South Stewart. At the time, defendant was the only person on the street, and he fit the description given to the officers. Small got out of the car, announced that he was a police officer and told defendant that he wished to speak to him. According to the testimony of Small, defendant then turned and started to run. Small began to pursue defendant on foot while his partner followed in the squad car. After a chase of approximately 1½ blocks defendant entered a cul-de-sac and Small apprehended him. Prior to defendant's apprehension, Small observed a plastic bag in defendant's hand. Immediately before his apprehension, defendant threw the plastic bag into a crevice which separated the two buildings. The crevice was approximately 11 inches wide.

Defendant was searched by Small and taken to the squad car by his partner. Small then searched the crevice until he located the plastic bag. Although the crevice was filled with trash, Small testified that he was sure he had recovered the object which defendant had thrown. The plastic bag contained 14 tinfoil packages which contained a white powder believed at the time to be heroin. The officers then placed defendant under arrest. Small later sent the contents of the bag to the

Chicago Crime Detection Laboratory where it was analyzed as 31.52 grams of heroin.

Following Small's testimony, a finding of probable cause was entered and the case was bound over to the grand jury.

On August 4, 1972, at 9:30 A.M., defendant's motion to suppress was heard. When the case was called, defendant's attorney informed the court that defendant was not present. In reply, the court stated:

"Well, we don't need him unless you may wish to call him * * *."

Officer Small was then called by defense counsel, and his testimony was substantially the same as that which he gave at the preliminary hearing. After hearing the testimony of Small and the arguments of counsel, the court entered a finding that there was probable cause to stop and arrest defendant. Defendant's motion to suppress was denied. The State then moved for a bond forfeiture warrant which the court continued until 11 o'clock that same morning.

At 11:05 A.M., defendant appeared before the court without his attorney. He advised the court that he was unable to be in court earlier that morning because he had difficulty finding someone to care for his three children. Because defense counsel was not present, the cause was continued until 2 P.M. that afternoon. The trial court specifically admonished defendant to be back at 2 o'clock.

At 2 P.M. on August 4, 1972, defendant again failed to appear as ordered earlier that morning. At this point, the court permitted defense counsel to withdraw from the case. The State's Attorney stated for the record that defendant was informed that the motion to suppress had been denied. The State then motioned for a bond forfeiture warrant, and the trial court doubled defendant's bond.

On January 31, 1973, the case proceeded to trial with a public defender representing defendant. After waiving his right to a jury trial, defendant motioned to quash the arrest and suppress the evidence. The court noted that the question had already been decided and denied defendant leave to file his motion.

The only other witness called by the State was a police chemist who testified that the recovered substance was heroin and that the total weight of the powder was 31.52 grams.

Defendant testified that when he was stopped on the street by Small, he was on his way home from work. The officers stopped him and called him over to their squad car where he was asked if he had a gun. Defendant said no. Small then said that they had a call for a man with a gun in a brown leather jacket, brown pants and a beige shirt. Defendant testified that after he advised Small that he was wearing green

pants and shirt and a black leather jacket, the officer put him against the car and handcuffed him. Small then went to search the area where defendant had been. While Small was searching the area, five or more police officers arrived. The officers tore a drainpipe from a nearby building and started raking through the debris in the crevice looking for the gun. Approximately twenty minutes later, the officers returned to the car with a plastic bag and asked defendant if it belonged to him. Defendant informed the officers that it was not his.

After arguments, the court found defendant guilty and sentenced him to a term of 3 to 9 years in the Illinois State Penitentiary.

Opinion

The first issue raised on appeal is whether or not the disposition of defendant's motion to suppress evidence in his absence constituted reversible error. Defendant contends that the denial, in his absence, of his motion to suppress deprived him of the right to be present at all stages of the proceedings against him.

■■ It is well established that the defendant in a criminal case has a constitutional right to be personally present at all stages of his trial. (*People v. Mallett*, 30 Ill.2d 136, 195 N.E.2d 687.) However, defendant's right to be present at all stages of trial against him may be waived. (*People v. Meschino*, 10 Ill.App.3d 557, 294 N.E.2d 712.) Where a defendant is at liberty on bail and voluntarily absents himself from his trial after it has begun, he waives the right to be present and the court can proceed without him.

It is clear from the record that defendant knew his motion to suppress the evidence was to be heard on August 4, 1972. Defendant had 4 days' notice. On August 4, defendant's counsel stated:

> "We were here Monday [July 31, 1972] Judge. Your Honor told Mr. Stubbs to be here at nine-thirty today. I told him to be here at nine-thirty today."

On the basis that defendant voluntarily absented himself from this stage of his trial, the trial court assumed waiver and proceeded to hear evidence on the motion to suppress. Defense counsel was present and took part in the hearing on the motion.

When defendant later appeared before the court at 11:05 A.M. he indicated that he had no intention of waiving his right to be present. He argued that his absence was necessitated by his inability to find someone to care for his three children. The record indicates that the lower court had continued the case until 11 A.M. after its disposition of defendant's motion to suppress in order to entertain the State's motion for a bond forfeiture warrant. When defendant appeared at 11:05 A.M. he informed

the court that he had been in contact with one of his attorney's assistants and had been informed by him that his attorney would call the trial judge between 11 A.M. and 11:30 A.M. that morning. When defendant's attorney failed to appear or otherwise contact the court between 11 A.M. and 11:30 A.M. that morning, the trial judge continued the matter until 2 P.M. that afternoon. Although defendant was present in court when his case was continued to 2 P.M. he once again failed to appear at that time.

■■ The record indicates that defendant had ample opportunity and notice to be present for the disposition of his motion to suppress. Although the court denied the motion at the 9 A.M. hearing, it continued the case to two other times during the same day, thus giving defendant two more opportunities to be heard. Defendant appeared at 11 A.M., was informed of the disposition of his motion and was told to return at 2 P.M. At 2 P.M. defendant, for the second time that day, failed to appear.

■■ Defendant's right to be present at all stages of the proceedings co-exists with his duty to present himself in court when he has been released on bail. To allow defendant to stop trial proceedings by virtue of his voluntary absence would enable him to profit from his own nonfeasance. (*People v. Steenbergen,* 31 Ill.2d 615, 203 N.E.2d 404.) Although this court is loath to proceed with court hearings in a defendant's absence, we cannot encourage defendants to treat their court appearances as discretionary. Defendant had adequate notice of the date and time his motion to suppress evidence was to be heard. His absence from that hearing was voluntary. At the hearing, defendant was represented by counsel who had adequate opportunity to and did examine Officer Small. In this case, defendant ignored his right to be present. The trial court did not err in hearing and deciding defendant's motion to suppress in his absence. Furthermore, not only was defense counsel able to examine Officer Small at the hearing, but he was again able to do so at the trial. Also, defendant was able to testify, at trial, on his own behalf. Therefore, no prejudice was demonstrated by the trial court proceeding in this fashion.

■■ The next issue raised on appeal is whether or not defendant was proven guilty beyond a reasonable doubt. Defendant argues that the evidence, even when considered in a light most favorable to the State, is contradictory and unbelievable and not sufficient to prove him guilty of the possession of narcotics. We cannot accept defendant's contention. Although there are some contradictions in Officer Small's testimony, we hold that possession of narcotics was proven beyond a reasonable doubt. The alleged discrepancies in the testimony were fully set forth at trial.

It was the function of the trial court to determine the credibility of the witnesses. Once the trial court has made its determinaion, we are loath to substitute our judgment for that of the trial court merely on account of conflicting evidence. *People v. Clay*, 55 Ill.2d 501, 304 N.E.2d 280.

We hold that there was sufficient evidence to link defendant to the plastic bag which contained heroin. Defendant's guilt was clearly and properly established.

For the foregoing reasons, the judgment entered below is affirmed.

Affirmed.

SULLIVAN, P. J., and DRUCKER, J., concur.