COMMONWEALTH vs. ROBERT L. MCVICKER.

Suffolk. June 4, 1985. — September 5, 1985.

Present: PERRETTA, CUTTER, & DREBEN, JJ.

*Practice, Criminal,* Appeal to jury session, Default, Waiver.

A judge erred in imposing a sentence pursuant to G. L. c. 278, § 24, on a defendant who, after being found guilty of larceny by a judge in the Boston Municipal Court and appealing to the jury-of-six session of that court, had failed to appear for a hearing on his various pretrial motions, including a motion to suppress, and had been defaulted, where the effect of the defendant's failure to appear was only a waiver or forfeiture of the motions filed on his behalf. [715-717]

COMPLAINT received and sworn to in the Boston Municipal Court Department on February 8, 1984.

On appeal to the jury session of that court, sentence was imposed by *Peter J. Donovan*, J., following default by the defendant.

*John N. Greenwood* for the defendant.

*Mark Hart Summerville*, Legal Assistant to the District Attorney (*Michael J. Traft*, Assistant District Attorney, with him) for the Commonwealth.

PERRETTA, J. After the defendant was found guilty of larceny by a judge of the Boston Municipal Court, he appealed to the jury-of-six session of that court. When he failed to appear for a hearing on his various pretrial motions, including a motion to suppress, he was defaulted, and sentence was thereafter imposed pursuant to G. L. c. 278, § 24, as amended by St. 1978, c. 478, § 305.[1] We conclude that the defendant's default

[1] General Laws c. 278, § 24, reads in full: "If the appellant fails to enter and prosecute his appeal, he shall be defaulted on his recognizance and the jury-of-six session may impose sentence upon him for the crime of which he was convicted, as if he had been convicted in said court, and, if he is

was not "solid," *Commonwealth* v. *Coughlin*, 372 Mass. 818, 821 (1977), and reverse.

I. *The Facts*.

September 17, 1984, was the first scheduled date at the jury-of-six session for hearing on the defendant's numerous discovery motions as well as his motion to suppress statements. When neither he nor his attorney answered at the call of the case, the judge ordered the motions waived and the defendant defaulted. Later that same day, defense counsel appeared and explained to the judge that he had informed the defendant that his appearance that day was unnecessary. The Commonwealth requested, by motion, that the defendant's primary sentence be imposed due to his default. However, the judge reinstated the defendant's motions and continued the case until September 21 for consideration of the Commonwealth's motion for imposition of sentence.

On September 21, the defendant appeared in court, and the judge denied the Commonwealth's motion. Hearing of the defendant's motions, including the motion to suppress, which required the taking of evidence, was then set for October 12. Before leaving court on September 21, the defendant signed a notice form by which he acknowledged his awareness of the fact that he was expected to appear in court on October 12. Although the notice form seems to require that a defendant be advised of the "purpose" of the next scheduled court appearance by checking the appropriate box among those available for designation, i.e., "Arraignment," "Trial," "Hearing," or "Pre-Trial Conference," no designation of purpose was made on the form signed by the defendant. There can be no dispute, however, that the notice form brought home to the defendant the fact that, should he not appear, his appeal could be dismissed, he could be defaulted and arrested, and his original (primary) sentence imposed.

Notwithstanding his receipt of the notice form, the defendant did not appear in court on October 12, and the Commonwealth

not then in custody, may issue process to bring him into court to receive sentence."

again moved for imposition of the primary sentence. Defense counsel resisted the motion, stating of the defendant, "he knows, and he'll be here." Hearing on the Commonwealth's motion was set for October 15. On that date the defendant appeared, and the judge allowed the Commonwealth's motion and imposed the primary sentence. Why the defendant was not present in court on October 12 does not appear in the record.[2]

II. *Discussion.*

It can be seen from the signed notice form and defense counsel's statement of October 12 that the Commonwealth sustained its burden of proving that the defendant knew he was to be in court on October 12. However, as earlier noted, it does not appear from the notice form that the defendant knew the "purpose" of that scheduled hearing. Assuming, nonetheless, that the defendant knew his pretrial motions were to be heard, we see no justification for imposition of his primary sentence under G. L. c. 278, § 24, for the following reasons.

In *Commonwealth* v. *Coughlin*, 372 Mass. at 820-821, the defendant was late for the call of the list, and he was defaulted. He thereafter appeared in court on numerous occasions, but each time his trial date was continued. When defense counsel asked that the default be removed, the judge refused and imposed sentence pursuant to § 24. In ordering that the default be removed and the matter stand for trial, the court noted that, for purposes of imposition of sentence under § 24, a failure to prosecute an appeal "has typically consisted of failure to appear in the . . . [c]ourt proceedings as *required*" (emphasis supplied). *Id.* at 821. In *Commonwealth* v. *Bartlett*, 374 Mass. 744, 745 (1978), the defendant failed to appear for a pretrial conference. The court held that, because the notice to appear

---

[2] We assume that when the defendant appeared in court on October 15, he offered some explanation, valid or otherwise, for his prior absence. Whatever that explanation may have been is unknown because the tape recorder was malfunctioning, and it does not appear that the parties made any attempt to reconstruct the record as provided for by Mass.R.A.P. (8) (b) (3) (v), as amended, 388 Mass. 1110 (1983). As will be seen, the cause of the defendant's failure to be present on October 12 is irrelevant to our conclusion.

had been sent to the wrong address, the defendant's failure to appear did not constitute a "solid default." *Id.* at 748. Although *Bartlett,* decided prior to the adoption of Mass.R.Crim.P. 11(a), 378 Mass. 862-863 (1979) (requiring a defendant to be available for attendance at the pretrial conference), is based upon the Commonwealth's failure to give notice, the court "emphasize[d] that the procedure for defaulting persons under c. 278, § 24, applies only when a defendant has been previously charged with a crime, tried in a District Court on such charge, convicted, claimed an appeal to the Superior Court for trial de novo, and has failed to appear for *trial* in the Superior Court" (emphasis supplied). *Id.* at 746 n.4. See also *Commonwealth* v. *Francis,* 374 Mass. 750, 751 (1978); *Commonwealth* v. *O'Clair,* 374 Mass. 759, 761 (1978); *Commonwealth* v. *Preston,* 10 Mass. App. Ct. 807, 808-810 (1980).

Based upon our reading of these cases, we conclude that sentencing without a further trial pursuant to § 24 can be undertaken only when a defendant fails through his own conduct to appear in court for proceedings which require his presence. As earlier noted, the Commonwealth sustained its burden of proving that the defendant had received notice of the scheduled hearing, and if the defendant's absence were due to some good reason, he has failed to reveal it to us. See note 2, *supra.* We turn then to consider whether the defendant was required to be present at the hearing on his pretrial motions, specifically, his motion to suppress,[3] or run the risk of being defaulted and sentenced.

The Commonwealth argues that the defendant's presence was required by Mass.R.Crim.P. 18(a) and (a) (3), 378 Mass. 887-888 (1979). Paragraph (a) simply provides that a "defendant shall be entitled to be present at all critical stages of the proceedings." Subparagraph (a) (3) provides, in pertinent part, that a "defendant need not be present . . . at any proceeding where evidence is not to be taken." The Commonwealth con-

_____

[3] The Commonwealth does not contend that the defendant's presence was required for hearing of discovery motions. See Smith, Criminal Practice and Procedure § 1605, at 135 (2d ed. 1983).

tends that because evidence was necessary to the motion to suppress it was a critical stage of the proceedings, and the defendant's presence was needed.

We think that the Commonwealth overlooks the fact that the proceeding, the hearing on the motion, was initiated by the defendant. Clearly the defendant could have appeared in court and withdrawn or waived his motion. We think it also clear that a defendant may by his conduct waive or forfeit a motion filed for his benefit. Cf. Reporters' Notes to Mass.R.Crim.P. 18(a) and (a) (3), Mass. Ann. Laws, Rules of Criminal Procedure at 365-366 (Law. Co-op. 1979); *Commonwealth* v. *Francis*, 374 Mass. at 757-758. Compare Mass.R.Crim.P. 11(a), 378 Mass. 862-863 (1979), which requires, inter alia, that the "defendant shall be available for attendance at the pretrial conference" for reasons which are beneficial to all parties and not just the defendant. See Reporters' Notes to Mass.R.Crim.P. 11(a), Mass. Ann. Laws, Rules of Criminal Procedure at 195-196 (1979).

Although we conclude that the defendant's absence on October 12 was insufficient to trigger § 24, we by no means suggest that the defendant was immune from a default or that the proceedings had to languish until the defendant should appear. In such a situation it is open to a judge to order the motion waived and mark the case for trial. Should the defendant, after receipt of proper notice, fail to appear for trial, action under § 24 is available. However, to default a defendant and impose sentence upon him for his failure to appear at a proceeding which instead could be deemed waived or forfeited, is, in our view, inconsistent with the principles enunciated in the aforementioned cases.

III. *Conclusion.*

The judgment is reversed, and the matter is remanded to the jury-of-six session of the Boston Municipal Court for further proceedings and, in the discretion of the trial judge, the imposition of sanctions, which can include a waiver of the defendant's motion to suppress.

*So ordered.*