## LONNIE ROBINSON *vs.* COMMONWEALTH.

Suffolk. September 6, 2005. - November 14, 2005.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice, Criminal,* Motion to suppress, Waiver, Default, Presence of defendant. *Constitutional Law,* Waiver of constitutional rights.

This court concluded that a criminal defendant's voluntary, unexcused absence at a scheduled hearing on a motion to suppress evidence, of which he had notice, did not constitute an automatic waiver of the motion [282-283]; further, this court concluded that while a trial judge did not have discretion under Massachusetts law to deem the defendant's unexcused absence to be a waiver of the motion to suppress [283-285], the judge did have the discretion to treat the absence as a waiver of the defendant's right to be present at the hearing under Mass. R. Crim. P. 18, based on certain criteria [285-290].

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on September 1, 2004.

The case was reported by *Cowin,* J.

*James S. Murphy* for the defendant.

*Carolyn A. Burbine,* Assistant District Attorney, for the Commonwealth.

SPINA, J. After his indictment for trafficking in cocaine, Lonnie Robinson (defendant) filed a motion to suppress evidence in the Superior Court. Because the defendant failed to appear at the scheduled suppression hearing, a Superior Court judge found him in default and deemed the motion waived. After the defendant returned to court one year later and his default was removed, he filed a motion to reinstate his motion to suppress. That motion was denied. The defendant petitioned a single justice of this court for relief pursuant to G. L. c. 211, § 3, seeking reinstatement of the motion to suppress. The single justice reserved and reported the matter to the full court, describing the petition as presenting the following questions:

   "1.) Does the defendant's unexcused absence at a

scheduled motion to suppress hearing of which he/she has notice constitute an automatic waiver of the motion?

"2.) If the answer to no. 1 is 'no,' does the judge have discretion to treat the unexcused absence as a waiver? If so, what are the criteria on which the judge should base the decision?

"3.) Did the judge act within his discretion in determining that the defendant had waived his motion in this case?"

We conclude that the answer to the first question is no: there is no automatic waiver of the suppression motion in these circumstances. The answer to the second question, however, is a qualified yes: by his unexcused absence from the scheduled suppression hearing, the defendant may waive his right to be present at the hearing, but his absence does not waive the motion itself. Consequently, we hold that the judge erred in determining that the defendant's failure to appear at the suppression hearing constituted a waiver of the motion; however, it would have been within the judge's discretion to find that the defendant had waived his right to be present at the suppression hearing and to conduct the hearing without him.

1. *Background.* We summarize the allegations made in the defendant's motion to suppress and supporting memoranda. On April 14, 2001, detectives with the Brockton police department went to a Holiday Inn in Brockton to execute an arrest warrant for Tremmel S. Jackson, also known as David Simpson. Hotel records indicated that a David Simpson had rented two rooms. When the police knocked on the door of one of these rooms, the defendant answered. The officers searched the room, and after failing to locate David Simpson, they escorted the defendant to the room next door and questioned him about Simpson's whereabouts. During this time, one of the detectives found a bag of cocaine in a pair of pants in the first room. The defendant later was arrested and indicted for trafficking in cocaine.

On June 11, 2002, the defendant filed a motion to suppress the physical evidence seized during the search and any statements he made to the police, claiming that the arrest warrant was not valid because (1) it was not signed; (2) the police ex-

ceeded the permissible scope of the arrest warrant in their search of the defendant's hotel room; and (3) police questioning of the defendant was not permissible as field interrogation and observation. The hearing on this motion was continued by agreement on several occasions. On March 27, 2003, the defendant appeared in court, prepared to proceed with the motion, but the hearing was continued until May 14, 2003, at the Commonwealth's request. On that date, however, the defendant failed to appear.[1] The motion judge found the defendant in default and, over defense counsel's objection, held that the defendant had waived his right to a hearing on the motion by his absence.

More than one year later, the defendant was apprehended and returned to court. Defense counsel filed a motion to reinstate the suppression motion, alleging only that the defendant had a viable motion to suppress. The motion to reinstate was denied. The record does not indicate whether the motion to reinstate was supported by an affidavit setting forth an explanation for the defendant's absence. The defendant then sought relief pursuant to G. L. c. 211, § 3, arguing that the Superior Court judge had abused his discretion in failing to reinstate the motion to suppress because the defendant's default did not prejudice the Commonwealth and because the motion raised significant constitutional issues.

2. *Discussion.* a. *Waiver of right to suppression hearing.* The defendant argues that his failure to appear at the suppression hearing could not constitute an automatic waiver of the motion, but he concedes that the judge would have the discretion to deem the motion waived by his absence. The defendant's primary contention is that, based on the strength of the constitutional claims for suppression, the judge in this case abused his discretion by deeming the motion waived. The Commonwealth agrees that an unexcused absence does not constitute an automatic waiver of a suppression motion and that such waiver would be discretionary. The Commonwealth claims that

---

[1]The record does not provide a clear explanation for the defendant's absence from the May 14, 2003, suppression hearing. Counsel suggested at oral argument that the defendant failed to appear in court because his girl friend was giving birth to their child.

the judge acted within his discretion in ruling that, by failing to appear, the defendant waived his motion to suppress.

Two distinct issues of waiver are implicated by the defendant's failure to appear at the scheduled suppression hearing: (1) waiver of the defendant's motion to suppress and (2) waiver of the defendant's right to be present at the hearing on the motion. Thus, in resolving the questions reserved and reported by the single justice, each of these issues of waiver must be addressed.

Neither the defendant nor the Commonwealth contends that the defendant's failure to appear at the scheduled suppression hearing is an automatic waiver of the motion. They cite no authority that precisely addresses this question, and we have found no such authority. Although this court has held that a defendant may automatically waive certain constitutional or procedural rights by failing to appear, such waiver has been recognized only in limited situations, typically regarding appellate rights. See *Commonwealth* v. *Francis*, 374 Mass. 750, 757-758 (1978) (defendant, who appealed to Superior Court for trial de novo after conviction in District Court, waived right to jury trial by failing to appear on scheduled trial date by operation of former G. L. c. 278, § 24); *Commonwealth* v. *Rezendes*, 353 Mass. 228, 228-229 (1967) (defendant, who "left the Commonwealth" after filing appeal, waived appellate rights not permitted to "fugitive from justice").

Both parties rely on *Commonwealth* v. *McVicker*, 20 Mass. App. Ct. 713 (1985), for the proposition that a judge has discretion to deem a motion to suppress waived by the defendant's absence from the hearing. See *id.* at 717 ("a defendant may by his conduct waive or forfeit a motion filed for his benefit"). In that case the defendant sought a jury trial after conviction by a judge of the Boston Municipal Court under the former "trial de novo" system.[2] *Id.* at 713. He filed a motion to suppress evidence at the jury trial but failed to appear at the scheduled hearing. *Id.* at 714. The Appeals Court held that absence from

---

[2]When *Commonwealth* v. *McVicker*, 20 Mass. App. Ct. 713 (1985), was decided, Massachusetts employed a two-tiered trial system in the District Court and Boston Municipal Court Departments: a criminal defendant could have a trial before a judge in the first instance, then elect to have a trial de novo before a jury if convicted. See G. L. c. 218, § 26A, inserted by St. 1978,

the suppression hearing was not a "solid default" that would waive the right to a jury trial under the de novo system; rather, the court concluded that the defendant's absence from the hearing allowed the judge to determine that the motion to suppress had been waived, and schedule the case for trial. *Id.* at 716-717.

Although the *McVicker* case did involve the waiver of a motion to suppress by the defendant's absence, we do not find that case controlling here.[3] The *McVicker* case involved a statutory scheme that expressly authorized the waiver of the right to trial if a defendant failed to appear. See *id.* at 715-716. Implicitly, under such a two-tiered system, a judge also could determine that a defendant had waived the right to present a pretrial motion by failing to appear at its scheduled hearing. Under our current one-trial system, however, even a "solid default" at a scheduled trial date does not constitute a waiver of the defendant's right to a jury trial. Cf. Mass. R. Crim. P. 18 (a) (1), 378 Mass. 887 (1979) (defendant may waive right to be present at trial — not right to trial itself — by voluntary absence after trial begins); Mass. R. Crim. P. 19 (a), 378 Mass. 888 (1979) (defendant must waive right to jury trial in writing and with judge's approval).

We have found no other statutes or appellate cases that give a judge discretion to find a suppression motion waived by the

c. 478, § 188; G. L. c. 218, § 27A, as appearing in St. 1978, c. 478, § 189. See also *Lydon* v. *Commonwealth*, 381 Mass. 356, 358-359, cert. denied, 449 U.S. 1065 (1980) (describing statutory scheme). By defaulting at the de novo trial, however, the defendant waived the right to that trial, and the original conviction would be reinstated and sentence imposed. G. L. c. 278, § 24, repealed by St. 1992, c. 379, § 196. Although the United States Supreme Court found the Massachusetts two-tier system to be constitutional, see *Justices of the Boston Mun. Court* v. *Lydon*, 466 U.S. 294 (1984); *Ludwig* v. *Massachusetts*, 427 U.S. 618 (1976), Massachusetts abolished the de novo jury trial system by statute in 1992. See St. 1992, c. 379, §§ 139, 141.

[3]In a later case, *Commonwealth* v. *Espinoza*, 28 Mass. App. Ct. 65, 69 (1989), citing *Commonwealth* v. *McVicker*, *supra* at 716-717, the Appeals Court said in dicta that "failure to show up for a hearing on a motion to suppress, made for the defendant's benefit, . . . works a waiver of the motion by the defendant." The *Espinoza* case involved a defendant's failure to appear at a scheduled trial under the trial de novo system. See *id.* at 66-68. We interpret the *Espinoza* language cited above as a restatement of the *McVicker* holding that, in the circumstances of that case, waiver of the suppression motion was within the judge's discretion, and we find the *Espinoza* case inapplicable to this case for the reasons discussed above.

defendant's absence. In fact, the few State appellate courts that have confronted this issue have concluded that a defendant's failure to appear at a suppression hearing does *not* constitute a waiver of the motion to suppress. See *People* v. *Dashner*, 77 P.3d 787, 791 (Colo. Ct. App. 2003) (defendant's absence from suppression hearing "does not empower the trial court to refuse to hold a hearing on the motion or address the issues on the merits"); *State* v. *Canty*, 278 N.J. Super. 80, 84 (1994) (when defendant fails to appear at suppression hearing, "the court may either postpone the hearing . . . or proceed *in absentia.* The court should not dismiss the motion with prejudice"); *People* v. *Whitehead*, 143 A.D.2d 1066, 1067 (N.Y. 1988) ("although a defendant may waive or forfeit his right to be present he does not as a consequence of his actions waive his right to a hearing"); *State* v. *Desirey*, 99 Or. App. 283, 285 (1989) (when defendant failed to appear at scheduled suppression hearing, "[t]he court could have decided the motion in defendant's absence, but it did not have the authority to refuse to consider it"). We reserve judgment on whether waiver of the motion ever could occur based on a defendant's conduct.

b. *Waiver of right to presence.* A separate issue from waiver of the suppression motion itself is whether the defendant's failure to appear at the hearing constituted a waiver of his right to be present. Rule 18 (a) provides that criminal defendants shall have the right to be present "at all critical stages" of court proceedings. This right to be present derives from the confrontation clause of the Sixth Amendment to the United States Constitution, the due process clause of the Fourteenth Amendment to the United States Constitution, and art. 12 of the Massachusetts Declaration of Rights. *Commonwealth* v. *L'Abbe*, 421 Mass. 262, 268 (1995), and cases cited. Rule 18 does not define which court proceedings are critical, leaving the issue to judicial determination, but commentary to the rule explains that "fairness demands that the defendant be present when his substantial rights are at stake." Reporters' Notes to Mass. R. Crim. P. 18 (a), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1429 (Lexis 2005). Suppression hearings, which typically involve important issues and require the taking of evidence, thus would seem to constitute a critical stage at which the defendant has the right to be present

under rule 18 (a). See K.B. Smith, Criminal Practice and Procedure § 1607 (2d ed. 1983 & Supp. 2005). Cf. Mass. R. Crim. P. 18 (a) (3) (defendant need not be present at any proceeding where evidence is not to be taken).

Although it is not a settled question of law, a number of appellate courts have concluded that a hearing on a motion to suppress evidence does constitute a critical stage of the proceedings. See, e.g., *United States* v. *Green*, 670 F.2d 1148, 1154 (D.C. Cir. 1981) ("suppression hearing is a critical stage of the prosecution which affects substantial rights of an accused person; the outcome of the hearing . . . may often determine the eventual outcome of conviction or acquittal"); *Olney* v. *United States*, 433 F.2d 161, 163 (9th Cir. 1970) (hearing on motion to suppress is critical stage, "particularly in narcotics cases, where the crucial issue may well be the admissibility of narcotics allegedly found in the possession of the defendant"); *People* v. *Anderson*, 16 N.Y.2d 282, 287-288 (1965) (suppression hearing is "crucial step" in criminal prosecution because facts of search are established and its legality determined, which often determines ultimate question of guilt). Contrast *United States* v. *Burke*, 345 F.3d 416, 422-424 (6th Cir. 2003).

We are satisfied that, because the suppression hearing in this case would have required the taking of evidence and also involved the admissibility of substantial evidence that could determine the outcome of the case, the defendant was entitled, under rule 18 (a), to be present.

However, a defendant may waive the right to be present at critical stages of the proceedings, "by consent or at times even by misconduct." *Commonwealth* v. *Flemmi*, 360 Mass. 693, 694 (1971), quoting *Snyder* v. *Massachusetts*, 291 U.S. 97, 106 (1934). Other jurisdictions that recognize a defendant's right to be present at a suppression hearing have held that the defendant's voluntary absence from that hearing can function as a waiver of the right to be present. See, e.g., *United States* v. *Dalli*, 424 F.2d 45, 48 (2d Cir.), cert. denied, 400 U.S. 821 (1970) ("Although a defendant has a right to be present at a suppression hearing where testimony is to be taken . . . this right is not absolute and may be relinquished by acts or statements of the defendant which constitute a voluntary waiver"

[citations omitted]); *People* v. *Stubbs*, 25 Ill. App. 3d 181, 186 (1974) (defendant "ignored his right to be present" at suppression hearing "by virtue of his voluntary absence"). These courts have concluded that, when the defendant waives the right to be present by failing to appear at the suppression hearing, the judge may proceed with the hearing in the defendant's absence. See *United States* v. *Dalli, supra* (no error by judge in conducting and deciding suppression hearing in defendant's absence); *People* v. *Stubbs, supra* (same).

Waiver of the right to be present by a defendant's voluntary absence from a suppression hearing is somewhat analogous to a form of waiver long recognized in the Commonwealth: a defendant's waiver of the right to be present at trial by voluntary absence after the trial has begun.[4] See, e.g., *Diaz* v. *United States*, 223 U.S. 442, 455 (1912); *Commonwealth* v. *Flemmi, supra* at 694; *Commonwealth* v. *McCarthy*, 163 Mass. 458, 459 (1895). If a defendant fails to appear for trial in these circumstances, the judge may elect to continue with the trial in the defendant's absence. *Diaz* v. *United States, supra*; *Commonwealth* v. *Flemmi, supra*; Mass. R. Crim. P. 18 (a) (1) ("If a defendant is present at the beginning of a trial and thereafter absents himself without cause or without leave of court, the trial

---

[4]Historically, a criminal trial could not begin in the defendant's absence. See *Crosby* v. *United States*, 506 U.S. 255, 259-262 (1993). This long-standing practice is embodied in both Mass. R. Crim. P. 18 (a) (1), 378 Mass. 887 (1979), and Fed. R. Crim. P. 43(c)(1)(A) (defendant "who was initially present at trial" waives right to be present "when the defendant is voluntarily absent after the trial has begun"). In the *Crosby* case, the United States Supreme Court held that it was impermissible to begin a trial without the defendant in Federal court, but the Court reached its conclusion based only on Fed. R. Crim. P. 43: it expressly did not reach the appellant's constitutional claims. *Id.* at 263. At least one circuit court of the United States Court of Appeals has held that the United States Constitution does not prohibit the commencement of trial without the defendant, provided the defendant knowingly and voluntarily has waived the right to be present. *Smith* v. *Mann*, 173 F.3d 73, 76 (2d Cir.), cert. denied, 528 U.S. 884 (1999). There is no historical precedent requiring the defendant's presence at the beginning of a pretrial hearing on a motion to suppress evidence; pretrial suppression hearings themselves have been conducted with regularity for less than one-half century. See *Mapp* v. *Ohio*, 367 U.S. 643 (1961). There is no requirement in rule 18 (a) that a defendant be present at the beginning of the suppression hearing before he can waive his right to be present, and we see no reason to impose such a requirement.

may proceed to a conclusion in all respects except the imposition of sentence as though the defendant were still present"). Waiver of the right to be present at trial is not, however, automatic. Both the determination that the defendant's failure to appear constitutes a waiver of the right to be present as well as the decision to proceed with the trial without the defendant are within the discretion of the trial judge. See *Commonwealth* v. *Flemmi, supra* at 694 (if defendant is voluntarily absent after trial begins, "the court may proceed without the defendant"); *Commonwealth* v. *Muckle,* 59 Mass. App. Ct. 631, 639 (2003) ("When a defendant fails to appear midtrial, the judge is to determine whether the trial should proceed in the defendant's absence or whether a mistrial should be declared").

Because a judge may find waiver of the right to be present when a defendant absents himself from trial, we hold that it is similarly within the discretion of a judge to find that a defendant has waived the right to be present by failing to appear at a suppression hearing. The defendant's waiver of the right to be present at the hearing, however, does not imply waiver of other constitutional rights, including the right to the suppression hearing itself and the right to effective assistance of counsel at that hearing. See *Commonwealth* v. *Vickers,* 60 Mass. App. Ct. 24, 32 (2003) ("Although the defendant voluntarily absented herself, thereby waiving her right to be present at trial and to confront witnesses against her, she did not expressly waive her separate constitutional right to be represented by counsel and to receive effective assistance").

There are a number of factors for the judge to consider in determining whether a defendant has waived the right to be present at a suppression hearing. First, it is critical that the defendant had adequate notice of the time and date of the scheduled suppression hearing.[5] See *United States* v. *Dalli, supra* at 48; *People* v. *Stubbs, supra* at 186. The judge also should consider the reason for the defendant's absence, if known. See

---

[5]The defendant need not have knowledge of the specific consequences of failing to appear at the suppression hearing. See *Taylor* v. *United States,* 414 U.S. 17, 19-20 (1973) (defendant need not have been warned that trial would proceed in his absence; voluntary absence from trial could be construed as effective waiver of right to be present). See also K.B. Smith, Criminal Practice and Procedure § 1621 (2d ed. 1983).

*Commonwealth* v. *Flemmi, supra* at 694-695 & n.1; Mass. R. Crim. P. 18 (a) (1). Other criteria that may be considered include possible prejudice to the Commonwealth if the hearing does not proceed as scheduled; impact on witnesses or codefendants who are present and ready to go forward with the hearing; and whether the defendant is represented by counsel who can proceed on the defendant's behalf in a meaningful way. See, e.g., *United States* v. *Pastor*, 557 F.2d 930, 934 (2d Cir. 1977) (deciding whether to proceed with trial in defendant's absence, judge should consider "the additional burdens, waste and expense inflicted upon the court, government, witnesses, and co-defendants"); *People* v. *Stubbs, supra* (no error in proceeding with suppression motion without defendant where defendant "was represented by counsel who had adequate opportunity" to cross-examine witnesses).

If a defendant does not appear at a scheduled hearing on a motion to suppress, the judge should conduct a hearing to determine whether the defendant's absence is voluntary, making a reasonable inquiry into the circumstances surrounding the defendant's failure to appear.[6] *Commonwealth* v. *Muckle, supra* at 639-640. This investigation could include police inquiries into the defendant's whereabouts; telephone calls to the defendant's home, work, and family members; contact with nearby hospitals that may have treated the defendant in an emergency; and a review of any recent attempts to contact defense counsel. *Id.* at 639 n.9. If the investigation yields no satisfactory explanation for the defendant's failure to appear, then the judge may make findings that the defendant's absence is without cause and voluntary, and proceed with the suppression hearing.[7] *Id.* at 640.

If good cause does exist for the defendant's absence, then the

---

[6]It is impossible to determine all possible circumstances that could constitute good cause for the defendant's absence from the hearing; therefore, this determination must be left to the sound discretion of the judge. For cases discussing what may constitute voluntary absence, see 5 W.R. LaFave, J.H. Israel, & N.J. King, Criminal Procedure § 24.2(d) n.52 (1999 & Supp. 2004).

[7]Although the judge did not conduct such a hearing in this case, it appears that he would have been well within his discretion in proceeding without the defendant. The information presented in the defendant's motion to reinstate offers no explanation for the defendant's failure to appear at the suppression hearing.

defendant has not waived the right to be present at the hearing by failing to appear. Thus, if the judge proceeds with the suppression hearing without the defendant, it may be necessary to hold another suppression hearing if it is later determined that the defendant in fact had good cause to be absent. See *Commonwealth* v. *Kane*, 19 Mass. App. Ct. 129, 135 n.5 (1984) (when trial conducted in absentia, defendant may seek new trial if further information reveals absence was involuntary).

3. *Conclusion.* In sum, we conclude that a defendant's voluntary absence from a scheduled suppression hearing, like a defendant's failure to appear after trial has commenced, may constitute waiver of the defendant's right to be present at that hearing. This does not, however, constitute waiver of any other rights the defendant may have, including the right to the hearing itself. Thus, we answer the reported questions as follows:

The answer to question 1 is, "No. There is no automatic waiver of the motion to suppress."

The answer to question 2 is, "A qualified yes. Under our rules, a judge does not have the discretion to deem a defendant's unexcused absence to be a waiver of the motion to suppress, but a judge does have discretion to treat an unexcused absence as a waiver of the defendant's right to be present at the hearing under Mass. R. Crim. P. 18, based on the criteria set forth above."

The answer to question 3 is, "No. The trial judge erred in finding that the defendant's absence from the hearing on the motion to suppress constituted an outright waiver of the motion." The case is remanded to the single justice to enter an order vacating the order of the trial judge waiving the defendant's motion to suppress evidence and remanding the case to the Superior Court for a hearing on the motion.

*So ordered.*