COMMONWEALTH vs. ALVIN CAMPBELL.

No. 10-P-1087.

Middlesex. December 5, 2012. - February 28, 2013.

Present: CYPHER, BROWN, & COHEN, JJ.

*Due Process of Law,* Presence of defendant in courtroom. *Constitutional Law,* Waiver of constitutional rights. *Practice, Criminal,* Motion to suppress, Presence of defendant, Waiver.

In a criminal matter, the Superior Court judge hearing a pretrial motion to suppress evidence, filed by a codefendant, abused his discretion when he concluded that the defendant, who was absent from the proceedings despite being in the custody of the Commonwealth because his counsel had failed to file such a motion, had waived his right to be present at the hearing, where the defendant clearly did not voluntarily absent himself from the proceedings, and where defense counsel objected to going forward without the defendant and proposed that defense counsel be sanctioned for failing to file the motion; further, the deprivation of the defendant's right to be present was not harmless beyond a reasonable doubt, where the motion to suppress concerned evidence that was used against the defendant at trial and was the basis for his conviction. [372-375]

INDICTMENTS found and returned in the Superior Court Department on July 26 and September 29, 2005.

A pretrial motion to suppress evidence was heard by *Ralph D. Gants,* J., and a motion for reconsideration was also heard by him; the cases were tried before *Diane M. Kottmyer,* J., and a motion for a new trial was considered by her.

*Derege B. Demissie* for the defendant.

*Anne Pogue Donohue,* Assistant District Attorney (*Marian T. Ryan,* Assistant District Attorney, with her) for the Commonwealth.

CYPHER, J. The defendant, Alvin Campbell, appeals from his convictions by a jury on indictments charging accessory after the fact (armed robbery), accessory after the fact (larceny over $250), and carrying a firearm without a license. In a separate

proceeding on the next day, the jury also convicted the defend-
ant of being an armed career criminal. The defendant filed a
motion for a new trial, alleging ineffective assistance of counsel
and deprivation of his right to be present at a critical stage of
the proceedings, specifically at a hearing on the motion to
suppress. The new trial motion was denied without a hearing.

The defendant brings this consolidated appeal from his convic-
tions and the denial of his new trial motion.[1] Although the
defendant raises several issues on appeal, we need only address
his claim that he was deprived of his right to be present at the
hearing on the motion to suppress, which is a critical stage of
the proceedings.

*Procedural background.* A codefendant's counsel in this case
had filed a timely motion to suppress and, at the time set for the
hearing, his client was transported from the jail for the hearing.
The defendant, however, had not been transported from the jail
because his counsel had neglected to file a motion to suppress.
The motion judge instructed the clerk to telephone defense coun-
sel for the defendant, and defense counsel appeared in court
before the judge began the hearing on the motion to suppress.

The judge asked defense counsel whether he intended to
waive the motion to suppress. Defense counsel said that he did
not and that he had made an error. He apologized to the judge.
The judge told him that he was not going to hold two hearings.
Defense counsel stated that he intended to file a motion to sup-
press, raising the same issues that the codefendant's counsel
had raised, but that he did not intend to join the codefendant's
motion. The judge indicated that he planned to proceed with the
hearing on the motion. Defense counsel pointed out that the
defendant was not present. The judge stated that he would permit
defense counsel to join the codefendant's motion and that he
would hear the motion without the defendant present, "viewing
his presence as having been waived." The judge further
articulated his reasoning, indicating that he was attempting to

---

[1]While the Appeals Court docket indicates that the direct appeal was
consolidated with the appeal from the denial of the motion for a new trial, it
does not appear that the defendant filed a notice of appeal from the order
denying the motion. Given the basis on which we decide the case, we need
not consider this apparent omission.

balance the rights of the Commonwealth to proceed — as their witnesses were present — with the defendant's right to file a motion to suppress. The judge recognized that he did not have the authority to conclude that the defendant had waived his right to file a motion to suppress, but he indicated that the motion hearing could proceed without the defendant because the defendant had not filed the motion and, as a result, the defendant had not been transported from the jail.

The Commonwealth stated that it would do whatever the court wanted to do, without objection. Defense counsel, however, vigorously objected to proceeding in this manner. He stated that the defendant would not wish to waive his presence at the hearing and that if the defendant's presence was waived in his absence, defense counsel believed that the defendant would immediately ask to have him removed as counsel. Defense counsel emphasized to the judge that of all his clients, this defendant was the least likely to agree to such an arrangement. Defense counsel argued that it was his error for failing to file the motion on time and that the consequences of his error should not fall on the defendant.

The judge asked defense counsel what he recommended the court do when there is a filing date deadline that counsel fails to meet. Defense counsel suggested that the court should sanction him, rather than deprive the defendant of his right to be present. The judge responded that the filing date "mean[t] something," the Commonwealth had brought in police witnesses, the court had scheduled the morning for the hearing, and he did not see why he should hold two hearings or defer the hearing and that he intended to proceed based on the motion filed.

The judge determined that the only issue in the motion to suppress was whether the stop was reasonable and that it involved no statements by the defendant.[2] He told defense counsel that if the defendant wished to testify, which he doubted in light of the nature of the issue, he would perhaps reopen the hearing for his testimony. The judge stated the filing date "has meaning and has consequence[s]" and that he was "cutting [defense counsel] a

---

[2]Of necessity and in the course of their duties, judges frequently identify and narrow issues. In these circumstances, however, it was not the judge's responsibility to identify or limit the issues for the defendant.

break as to the consequence." Defense counsel stated that this would ruin his relationship with the defendant and moved to withdraw. The judge denied the motion to withdraw.

The judge stated that they would have to proceed and deal with whatever legal consequences there were with the defendant. He reiterated that he would not hold two hearings and would not leave the court open for an entire morning for a motion that had not been heard. The judge also stated that he viewed the defendant joining the codefendant's motion as a better outcome than waiving his right to file a motion to suppress.

A delay ensued while the court waited for counsel for another codefendant to arrive.[3] The judge noted for the record that the defendant was not present and that defense counsel wished that his client were there, but that he was not there because defense counsel failed to file a motion to join the codefendant's motion but that he now wished to join the motion.[4] The judge also stated that he would postpone his findings until the close of business on Friday (it was then Monday) to give defense counsel time to determine whether the defendant wished to testify and that if the defendant did wish to testify, he would give him the opportunity to do so.

The hearing proceeded with the testimony of two Commonwealth witnesses, a State trooper and a detective. Defense counsel cross-examined the State trooper. At the conclusion of the hearing, defense counsel argued the legal issue. He also informed the judge that he did not think that he could communicate with the defendant in time to meet the judge's Friday deadline for determining whether the defendant wished to testify. On the next Monday, the motion to suppress was denied, and defense counsel subsequently moved to withdraw. Months later, with new counsel, the defendant moved for reconsideration of the denial of the motion to suppress, and the motion was denied.

---

[3]Apparently counsel for this codefendant, who had not been in the vehicle when it was stopped, had believed the motion was scheduled for 2:00 P.M. and not 9:00 A.M. and had a morning commitment in another court. Thus, she did not arrive until 11:45 A.M. Jail transportation did not arrive with her client until 11:00 A.M.

[4]This was not defense counsel's choice. He did, however, participate in the motion hearing. See *Commonwealth* v. *Vickers*, 60 Mass. App. Ct. 24, 33-34 (2003) (even where counsel "chafed" at proceeding at trial in the absence of the defendant, "it was a serious lapse in judgment to refuse to participate").

*Discussion.* The defendant had a constitutional right to be present at the evidentiary hearing on the motion to suppress which determined the admissibility of evidence against him. A hearing on a motion to suppress is considered to be a "critical stage" of the proceedings under Mass.R.Crim.P. 18(a), 378 Mass. 887 (1979). *Robinson* v. *Commonwealth*, 445 Mass. 280, 285 (2005) (*Robinson*). *Commonwealth* v. *Johnson*, 80 Mass. App. Ct. 505, 511 (2011). See *Commonwealth* v. *L'Abbe*, 421 Mass. 262, 268 (1995) (discussing right to be present at competency hearing and at trial and waiver of that right). "The right to be present derives from the confrontation clause of the Sixth Amendment to the United States Constitution, the due process clause of the Fourteenth Amendment to the United States Constitution, and art. 12 of the Massachusetts Declaration of Rights." *Robinson, supra.* It is a fundamental right, and waiver of it is not lightly presumed.[5] Compare *Commonwealth* v. *White*, 37 Mass. App. Ct. 757, 760 (1994) (defendant's right to be present for jury empanelment is a fundamental one). See *Commonwealth* v. *Rabb*, 70 Mass. App. Ct. 194, 198 (2007); Smith, Criminal Practice & Procedure § 29.17 (3d ed. 2007).

Voluntary absence from a hearing on a motion to suppress can function as a waiver of the right to be present. *Robinson, supra* at 286. See *United States* v. *Dalli*, 424 F.2d 45, 48 (2d Cir.), cert. denied, 400 U.S. 821 (1970). A judge can find that a defendant has waived his right to be present by absenting himself from a hearing on a motion to suppress. *Robinson, supra* at 286-287. It is a matter of discretion for the judge to determine whether the defendant has waived his right to be present. *Robinson* teaches that the judge should consider whether the defendant had adequate notice of the time and date of the hearing; the reason for the defendant's absence, if known; possible prejudice to the Commonwealth by delaying the proceeding; the impact on witnesses or the codefendant who is present and ready to proceed;

---

[5]This is a separate issue from the question whether a defendant has waived his right to file a motion to suppress. See *Robinson, supra* at 283-285. Were we to consider the issue in terms of whether counsel was ineffective for failing to file a motion to suppress, based on the record developed, we would ultimately determine that the motion would not have been successful and therefore the defendant would not have been prejudiced. *Commonwealth* v. *Comita*, 441 Mass. 86, 91-92 (2004).

and whether counsel can proceed in a meaningful way without the defendant. *Robinson, supra* at 288-289. The judge should conduct a hearing to determine whether the defendant's absence is voluntary and make a reasonable inquiry into the circumstances of the defendant's absence. If good cause exists for the defendant's absence, then the defendant has not waived his right to be present, and it may be necessary to conduct another suppression hearing. *Id.* at 289-290. The court in *Robinson* noted that it was "impossible to determine all possible circumstances that could constitute good cause for the defendant's absence." *Id.* at 289 n.6.

The analysis in *Robinson* assumes that the defendant's absence is voluntary, or that, at least, the defendant is not in the custody of the Commonwealth. Here, the defendant clearly did not voluntarily absent himself from the proceedings. He was in the custody of the Commonwealth so there was no issue as to his whereabouts. Defense counsel objected to going forward without him and proposed that defense counsel be sanctioned for failing to file the motion, which failure had resulted in the defendant's absence. In these circumstances, the judge abused his discretion when he concluded that the defendant had waived his right to be present.

We must determine, therefore, whether the deprivation of the defendant's right to be present was harmless beyond a reasonable doubt. See *Chapman* v. *California*, 386 U.S. 18, 24 (1967).[6] In the context of a hearing on a motion to suppress, courts have noted that the outcome of the hearing may determine the final outcome of the case. See *People* v. *Anderson*, 16 N.Y.2d 282, 287-288 (1965). See also *Olney* v. *United States*, 433 F.2d 161, 163 & n.5 (9th Cir. 1970). A defendant has the opportunity to listen to the strength (or weakness) of at least a part of the government's case and to assess the witnesses. He has the abil-

---

[6]While most errors of constitutional dimension are subject to an analysis to determine whether they are harmless beyond a reasonable doubt, some constitutional errors "affect[] the framework within which the trial proceeds," *Arizona* v. *Fulminante*, 499 U.S. 279, 309-310 (1991), and are not subject to such analysis. See *Commonwealth* v. *Johnson*, 80 Mass. App. Ct. at 510-511, and cases cited. We need not consider whether the error at issue here constitutes a structural error because we conclude that it was not harmless beyond a reasonable doubt.

ity to consult with his attorney and, as a participant in the event under examination, offer a unique perspective. This fundamental right to be present must be balanced with preserving society's interest in the administration of justice, and the remedy must be tailored and should not unnecessarily infringe on competing interests. See *United States* v. *Morrison,* 449 U.S. 361, 364 (1981) (discussing the balancing of defendant's right to counsel with "society's interest in the administration of criminal justice").

The Commonwealth has not met its burden of proving that the error was harmless beyond a reasonable doubt. "[W]hen presence would be useless, or the benefit but a shadow," the right to presence is not guaranteed. *Snyder* v. *Massachusetts,* 291 U.S. 97, 106-107 (1934). As tempting as it may be to conclude that because the motion to suppress was not successful the deprivation of the defendant's right to be present is harmless beyond a reasonable doubt, such is not the proper analysis.

The United States Supreme Court has made clear that when a hearing involves evidence that is going to be used against the defendant at trial to prove his guilt, he has the right to a fair and just hearing under due process and his presence assures that result — because he can consult with his lawyer, listen to the evidence, and assess the credibility of the witnesses (and the evidence) against him. In addition, his ability to have the full assistance of counsel may turn on his opportunity to see the evidence against him, with counsel, and to consult with counsel about the evidence and better defend himself at trial. See *Kentucky* v. *Stincer,* 482 U.S. 730, 745-746 (1987) ("a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure"). Here, the motion to suppress concerned evidence that was used against the defendant at trial and was the basis for his conviction. In these circumstances it is not for an appellate court or a motion judge to determine how a defendant's presence at a critical stage which concerns the evidence against him could have assisted his overall defense. See *State* v. *Grey,* 256 N.W.2d 74, 77 (Minn. 1977) (defendant's absence at a hearing on a motion to suppress, a critical stage, was not harmless beyond a reasonable doubt

because it is impossible on the record to determine what contribution or assistance to counsel defendant could have rendered had he been present to hear the oral testimony of the officer). We cannot fairly say that the deprivation of the defendant's right to be present was harmless beyond a reasonable doubt.

*Judgments reversed.*

*Verdicts set aside.*