The defendant appeals from an order by the trial judge denying his second motion for new trial. He raises three arguments on appeal, contending that it was an abuse of discretion to deny his motion where: (1) the defendant was unlawfully absent from a pretrial conference; (2) the evidence was insufficient to support a conviction for assault with intent to kill; and (3) the Supreme Judicial Court and this court incorrectly described the incident between the defendant and the victims. We affirm.
We review the denial of a motion for new trial for abuse of discretion. Commonwealth v. Acevedo, 446 Mass. 435, 441-442 (2006). "Reversal for abuse of discretion is particularly rare where[, as here,] the judge acting on the motion was also the trial judge." Ibid., quoting from Commonwealth v. Lucien, 440 Mass. 658, 670 (2004). The defendant's arguments were not raised in his direct appeal or his first motion for new trial and, thus, are waived. See Mass.R.Crim.P. 30(c)(2), 378 Mass. 901 (1979). Waiver, however, does not mean that the issue is precluded, but rather that the claims are reviewed for a substantial risk of a miscarriage of justice. Commonwealth v. Randolph, 438 Mass. 290, 293, 296 (2002). An analysis under the substantial risk standard begins with a determination of whether or not there was an error. Id. at 297-298.
First, the defendant argues that he was unlawfully absent from the March 31, 1997, pretrial conference. The only evidence that the defendant was not present at the pretrial conference is his own self-serving affidavit, which the judge was free to reject as "not credible." Commonwealth v. McWilliams, 473 Mass. 606, 621 (2016). Even if the defendant was absent, only the prosecutor and the defense attorney are required to attend a pretrial conference. See Mass.R.Crim.P. 11(a), as appearing in 442 Mass. 1509 (2004) ("[T]he court shall order the prosecuting attorney and defense counsel to attend a pretrial conference" but the defendant needs only to be "available" to attend). "A defendant need not be present ... at any proceeding where evidence is not to be taken." Mass.R.Crim.P. 18(a)(3), 378 Mass. 888 (1979). See Robinson v. Commonwealth, 445 Mass. 280, 285-286 (2005), quoting from Mass.R.Crim.P. 18(a) ("[C]riminal defendants shall have the right to be present 'at all critical stages' of court proceedings"). There is no indication that evidence was taken at the pretrial conference.
Next, the defendant argues that the evidence was insufficient to support a conviction for assault with intent to kill. Viewing the evidence, and the reasonable inferences that can be drawn from it, in the light most favorable to the Commonwealth, Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), there was sufficient evidence. "The elements of assault with intent to kill are assault, specific intent to kill, and [a] mitigating factor" (emphasis omitted). Commonwealth v. Vick, 454 Mass. 418, 428-429 (2009) (quotation omitted). When the unarmed victim ran at the defendant, the defendant responded by attacking the victim with a knife. In doing so, the defendant caused severe injuries to the victim. The extent of the victim's injuries coupled with the defendant's decision to attack the victim, rather than to get into his car, could lead a reasonable jury to conclude he intended to kill the victim once the victim ran toward him.[2]
Finally, the defendant argues that the Supreme Judicial Court and this court incorrectly described the incident between the defendant and the victims as the victims confronting the defendant, rather than assaulting him. Even assuming this description is incorrect, the defendant's failure to petition for rehearing under Mass.R.A.P. 27, as amended, 410 Mass. 1602 (1991), to correct any factual error precludes him from raising the claim now. See Commonwealth v. Hanlon, 44 Mass. App. Ct. 810, 813-814 (1998).
The defendant's motion was properly denied.
Order entered February 23, 2017, denying motion for postconviction relief affirmed.

The defendant also argues that it was prosecutorial misconduct for the Commonwealth to charge him with armed assault with intent to murder. On direct appeal, the defendant's argument that he was overcharged was rejected. See Commonwealth v. Zinser, 51 Mass. App. Ct. 1105 (2001). He is therefore precluded from raising the issue again. See Commonwealth v. Williams, 431 Mass. 71, 74 (2000).