Rayvon CARTER, Defendant–
Below, Appellant,

v.

STATE of Delaware, Defendant
Below, Appellee.

No. 321, 2002.

Supreme Court of Delaware.

Submitted: Nov. 13, 2002.
Decided: Dec. 26, 2002.

Ralph David Wilkinson, IV, Office of the Public Defender, Wilmington, for Appellant.

Timothy J. Donovan, Jr., Department of Justice, Wilmington, for Appellee.

Before VEASEY, Chief Justice, WALSH and HOLLAND, Justices.

PER CURIAM:

In this appeal from the Superior Court, the issue is whether the police had probable cause to arrest the defendant for loitering under 11 *Del. C.* § 1321(1). In finding that the officers lacked the requisite probable cause, we reverse the judgments of the Superior Court. We hold that the Superior Court erred in denying defendant's motion to suppress the evidence seized during the illegal arrest. Additionally, the tainted evidence is not admissible as a search incident to the resisting arrest charge as previously held by this Court in *Jones v. State.*[1]

### Facts

On July 27, 2001, two police officers observed the appellant-defendant below, Rayvon Carter, standing in the area of the 100 block of Franklin Street in Wilmington at 2:30 a.m. The officers witnessed several individuals approach Carter for short periods of time. They did not, however, observe any hand-to-hand transactions. After approximately fifteen minutes, the officers ordered Carter to move on.

Two hours later, around 4:30 a.m., the same officers encountered Carter at the 300 block of Broom Street. The distance between this location and Carter's original location is not insignificant.[2] The officers watched Carter for only a few minutes before advancing to arrest him for loitering. On approaching Carter, the officers noticed that he had his left hand in his back pocket and that Carter began to back away. The officers ordered Carter to remove his hand, but he refused. In apprehending Carter and forcing him to the ground, a red and white "Altoids" tin fell from his hand, but did not open. The resisting arrest charge stemmed from this brief struggle. After Carter was taken into custody, the Altoids can was opened and discovered to contain heroin.

Carter was charged with Loitering,[3] Possession with Intent to Deliver Heroin,[4] Possession of a Controlled Substance within 300 Feet of a Park, Recreation Area, Church or Place of Worship,[5] and Resisting Arrest.[6] At the suppression hearing Carter moved to suppress the seized evidence, arguing the officers lacked probable cause to arrest him for loitering. The State argued, however, that probable

---

1. 745 A.2d 856 (Del.1999).

2. Although the actual distance between the two locations is approximately five blocks, one of the officers testified it was ten or twelve blocks. The error, however, does not affect our analysis.

3. 11 *Del. C.* § 1321(1).

4. 16 *Del C.* § 1451.

5. 16 *Del. C.* § 4768.

6. 11 *Del. C.* § 1257.

cause existed because Carter was initially told to move on from the first location and did not comply with that command by standing at the second location two hours later. The Superior Court denied Carter's motion, finding that the officers had probable cause to arrest him for loitering and that the search was therefore incident to a lawful arrest.

The jury convicted Carter of Possession of Heroin, Resisting Arrest, and Possession of a Controlled Substance within 300 Feet of a Park, Recreation Area, Church or Place of Worship. He was acquitted of Loitering. He was sentenced to three years at Level V, one year of which is suspended for Level III. (He was an habitual offender.) Carter now appeals all of the charges except the resisting arrest charge.

### *Discussion*

■ Carter first argues that the trial judge erred in admitting the seized evidence because the officers lacked probable cause to arrest him for loitering. He also claims that the illegal arrest precludes admission of any evidence thereby obtained. Furthermore, Carter contends that the arrest for loitering was merely a pretext to search him for illegal contraband. We review for abuse of discretion a trial judge's decision to admit evidence.[7]

■ A person is guilty of loitering when the person "fails or refuses to move on when lawfully ordered to do so by any police officer."[8] An individual may be arrested for loitering only if the arrest is supported by probable cause.[9] For an ar-

resting officer to have probable cause, the officer's knowledge must be sufficient for a prudent person to believe that an individual had committed or was committing an offense.[10] "Courts must review probable cause determinations in light of 'the factual and practical consideration of everyday life on which reasonable and prudent [persons], not legal technicians, act.' "[11] Delaware statutory law provides that police officers may seize evidence pursuant to a lawful arrest.[12] Thus, for the officers to have probable cause to arrest a person of loitering under subsection (1), the person must have refused to move on after being ordered to do so.

Here, Carter was initially told to move on when the officers first encountered him on the 100 block of Franklin Street, and he complied by leaving the immediate area. Accordingly, he did not violate the statute by refusing to move on when the same officers noticed him two hours later and at some distance from the original encounter. Therefore, the officers did not have probable cause to arrest Carter for committing the crime of loitering on Broom Street. The temporal and spatial gap between these two locations was enough to satisfy the initial command. The officers, therefore, could only require Carter to move on again. Although the police should not have to order a person to move on repeatedly in a limited area to comply with Section 1321(1), a person should also not be subjected to an unlimited and subjective command in order to refrain from being arrested. The arrest of Carter was illegal.

7. *Williamson v. State,* 707 A.2d 350, 354 (Del. 1998).

8. 11 *Del. C.* § 1321(1).

9. *Woody v. State,* 765 A.2d 1257, 1262 (Del. 2001) (citing *Florida v. Royer,* 460 U.S. 491, 498, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983)).

10. *Darling v. State,* 768 A.2d 463 (Del.2001).

11. *Id.* (quoting *Gardner v. State,* 567 A.2d 404, 409 (Del.1989)).

12. 11 *Del C.* § 2303(1).

In this appeal, the State argues that the evidence is admissible because Carter resisted arrest and therefore they had a right to search him.[13] We disagree and find *Jones v. State*[14] controlling.

In *Jones,* the police received an anonymous 911 call that there was a suspicious looking man wearing a blue coat in a neighborhood known for high drug activity. Accordingly, police officers stopped Jones because he was wearing a blue coat in the vicinity described by the 911 caller. On approaching Jones, the officers ordered him to stop and remove his hands from his coat pockets. When Jones refused, one of the officers grabbed Jones' hands in an attempt to remove them from the coat pockets. At this point, Jones threw an object over the officers' head that was later determined to be cocaine.

On appeal, the State argued that although the underlying arrest for cocaine was illegal because the officers lacked reasonable suspicion to stop Jones, he resisted arrest and the police therefore had a right to search him. We disagreed and held that "the crime of resisting an illegal arrest does not necessarily carry with it the right to justify any search incident to an actual arrest for the crime of resisting an illegal arrest."[15]

As in *Jones,* we here find that Carter's resisting arrest does not render the illegally seized evidence admissible.

The purpose behind the rule that resisting even an illegal arrest constitutes a crime is to foster the effective administration of justice, to deter resistance to arrest and to provide for the safety both of peace officers and the citizens of Delaware.... [T]his purpose cannot be used to allow an officer ... to contend that evidence seized incident to that illegal arrest is admissible."[16]

The State cannot profit from evidence collected after an illegal search. Accordingly, we hold that the trial court erred by failing to grant Carter's motion to suppress. To find otherwise would result in the circumvention of the policy behind the exclusion rule, to wit: "to deter future unlawful police conduct."[17]

### Conclusion

The officers did not have probable cause to arrest Carter for loitering. As a result, the fruits of the illegal search must be suppressed. The judgments of the Superior Court are reversed and this matter is remanded for further proceedings in accordance with this opinion.

---

13. *See* 11 *Del. C.* § 2303(1).

14. 745 A.2d 856 (Del.1999).

15. *Jones,* 745 A.2d at 872.

16. *Id.* at 873.

17. *United States v. Calandra,* 414 U.S. 338, 347, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974).