# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                         )
                         )
                         )
        v.                )
                         )
ELJAREAU NICHOLS,        )    ID No. 1804012836
                         )
    Defendant.         )
                         )
                         )

Date Submitted: November 16, 2018
Date Decided: November 26, 2018

On Defendant Eljareau Nichols' Motion to Suppress. **DENIED.**

## **ORDER**

Allison J. Abessinio, Esquire, Deputy Attorney General, 820 N. French Street, 7th Floor Wilmington, Delaware 19801. Attorney for the State.

Michael Modica, Esquire, 715 King Street, Wilmington, Delaware 19801. Attorney for Defendant.

**Scott, J.**

The issue before the Court is whether officers had reasonable grounds to suspect Defendant was committing, or had committed the crime of loitering, in order to conduct a detention under 11 *Del. C.* § 1902 where officers may demand an individual's name, address, and business abroad. Defendant has filed a Motion to Suppress evidence seized as part of a stop by Wilmington Police.

## Finding of Facts

On April 20, 2018 Wilmington Police Officer Corporal Akil and two other officers were conducting a proactive patrol in an unmarked car in the 900 block of Vandever Avenue. Corporal Akil regularly responds to service calls in the area with a high incidence of drug and gun related crimes. At 5:55pm, Corporal Akil noticed Defendant and two other individuals on the front steps of the residence located at 902 Vandever Avenue. The residence had two "No Loitering" signs displayed. Over one year ago, Corporal Akil had an interaction with a resident of the home, where the resident expressed concern about persons loitering on the steps of the residence. Corporal Akil was familiar with the three individuals from previous interactions, and knew none of them lived at the residence.

The officers stopped their vehicle and exited in order to issue a warning to the individuals to move on. As the Officers approached the three individuals they noted a strong odor of marijuana. When questioned one of Defendant's companions responded, "we just got done smoking." Corporal Akil then requested the

2

identifications of the three individuals. After receiving their identifications one of the officers returned to their vehicle to run DELJIS inquiries into the individuals. When the DELJIS inquiry returned nothing on Defendant's companions they were released and moved on.

The DELJIS inquiry into Defendant returned an outstanding capias for Defendant who was wanted in the Court of Common Pleas for Criminal Impersonation. Based on this information Corporal Akil ordered Defendant to come down off the steps of the residence to be taken into custody on the warrant. Defendant immediately attempted to flee, but was stopped and a tussle ensued between Defendant and one of the officers. During the ensuing struggle, Defendant's shirt rose and exposed a firearm tucked into the waistband of his pants. Corporal Akil removed the firearm from Defendant.

Defendant was initially charged with Loitering, Carrying a Concealed Deadly Weapon, Resisting Arrest with Force, and Possession of a Firearm by a Person Prohibited, Possession of Ammunition by a Person Prohibited, and Receiving a Stolen Firearm. At the preliminary hearing, a resident of the home where Defendant was found stated Defendant had her permission to sit on the steps of the home while he waited for his child's bus to arrive. The charge of loitering was dismissed by the Court.

Defendant was not in attendance for the suppression hearing, however defense counsel was present. Under Superior Court Criminal Rule 43 and *Smolka v. State*[1], Defendant's presence is not required at a suppression hearing. Prior to adjourning the hearing defense counsel indicated the factual record for the motion was complete, since Defendant's testimony would have indicated that he had permission to sit on the steps.

## Parties Contentions

Defendant argued the warrantless arrest and search of his person was in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Section 6 of the Delaware Constitution as well as 11 *Del. C.* §§1902-1904. Defense Counsel conceded if an odor of marijuana was detected by the officers, then officers were justified in detaining the individuals for the purpose of further inquiry.

Defendant argued Police lacked a reasonable suspicion he was in violation of the loitering statute prior to being detained. Defendant argues the statute requires an officer to order an individual to move on, and if the individual fails to do so, only then may an officer arrest an individual for loitering. Defendant argued there was no order to move on, and therefore he could not have been arrested for loitering.

---

[1] *Smolka v. State*, 147 A.3d 226 (Del. 2015).

The State argued the detention of Defendant was lawful and conducted in accordance with 11 *Del. C.* § 1902. Accordingly, when officers discovered Defendant had an outstanding capias, his arrest was valid as was the seizure of the firearm.

## Analysis

Defendant relies on the Supreme Court's decision in *Carter v. State* to support its position that the officers lacked probable cause for the arrest.[2] In *Carter*, at 2:30 in the morning, police observed an individual identified as Carter standing in one area for approximately fifteen minutes. The officers witnessed several individuals interact with Carter for short periods of time, but did not see any hand-to-hand transactions take place. The officers approached Carter and ordered him to move on. Approximately two hours later, officers observed Carter several blocks away from where they first encountered him. The officers only observed him for a short period of time before arresting him for loitering. During the arrest the officers discovered Carter to be in possession of heroin. Carter was convicted of Possession of Heroin along with other offenses.

The Supreme Court overruled the conviction holding there was no probable cause for Carter's arrest, and the evidence discovered as a result of his arrest should have been suppressed. The Court found that Carter complied with the officers' order

---

[2] *Carter v. State*, 814 A.2d 443 (Del. 2002).

when told to move on earlier in the morning. When officers encountered him later, he was sufficiently removed from the location of the first encounter to be in compliance with their order. The Court ruled that Officers would have to have given Carter a second order to move on, and if that order was refused, then the Officers would have probable cause for the arrest.

The State points to 11 *Del C.* § 1902 and *Miller v. State* to support their argument that the officers were justified in detaining Nichols.[3] Under Delaware law "a peace officer may stop any person abroad, or in a public place, who the officer has reasonable ground to suspect is committing, has committed or is about to commit a crime, and may demand the person's name, address, business abroad and destination."[4] In *Miller,* the Defendant and two other individuals were observed by Wilmington Police officers sitting on the steps of an unoccupied business building for approximately 20 minutes. The area was described as known for drug activity and other criminal conduct. A special "sweep" team was called by the observing officers to respond to the location. The sweep team arrived in an unmarked van, with a number of officers dressed in blue tactical vests with "Police" written on the front and back of the vests. The officers exited the van and ordered Miller to get on the ground. After a pat-down search of Miller and the other individual weapons revealed no weapons, the officers continued their stop for loitering.

---

[3] *Miller v. State*, 922 A.2d 1158 (Del. 2007).
[4] 11 *Del. C.* § 1902 (a).

A probation officer asked Miller his name, and whether he was on probation. Miller replied that he was currently on Level III probation. The officer contacted the probation monitoring center which confirmed this information. Miller was detained for a brief period while officers confirmed his address. Miller, who had not advised his probation officer of an address change was found to be in violation of probation and an administrative search of the new address was conducted.

The Court upheld the initial detention of Miller under 11 *Del. C.* § 1902 stating "a trained police officer, viewing a person sitting on the steps of a vacant building at night for an extended period of time doing nothing, would have a reasonable and articulable suspicion that the person was loitering."[5]

The facts of this case are more similar to that of *Miller*. In this case, officers observed 3 individuals seated on the steps of a residence. The residence had two "no loitering" sign displayed out front and the arresting officer had previously spoken to a resident of the home, who informed him of her concern with loiterers and their refusal to move on after she requested they do so. The officer's previous engagement by the resident, the escalated crime rate of the area, and the smell of marijuana gave them reasonable grounds to stop and identify the individuals, before issuing an order to move on.

---

[5] *Miller v. State*, 922 A.2d 1158, 1162 (Del. 2007).

When an inquiry into Defendant's identity returned an outstanding capias, officers had probable cause to place Defendant into custody. It was in the process of arresting Defendant for the outstanding capias where officers encountered the weapon, not in effecting an arrest for loitering as Defendant claims. Defendant is correct that there was no probable cause to arrest him for loitering. However, this ignores the outstanding capias and "stop and identify" statute.

## Conclusion

When a police officer has reasonable grounds to suspect an individual is committing a crime, the officer may demand that individual's name, address, and business abroad. In this case, that information revealed a warrant for the arrest of Defendant. Defendant was not searched in the course of enforcing the loitering statute, rather the firearm on his person was discovered in the course of a lawful arrest.

For the foregoing reasons, Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED.**

 

 

_____

**Judge Calvin L. Scott, Jr.**